## MISSOURI PACIFIC RAILROAD CO. v. REYNOLDS-DAVIS GROCERY CO.

CERTIORARI TO THE SUPREME COURT OF ARKANSAS.

No. 329. Submitted April 21, 1925.—Decided May 25, 1925.

Where the final carrier named in the bill of lading on a through interstate shipment employs a carrier not named in the bill nor participant in the joint rate to switch the car for the rate named in its tariff from a point on the lines of the former carrier to the consignee's warehouse on the lines of the latter, both within the city named in the bill as destination, the first carrier is the delivering carrier and the second merely its agent for the purpose of delivery, so that the one is liable for loss of the goods while in the hands of the other. *Oregon-Washington R. R.* v. *McGinn*, 258 U. S. 409, distinguished. P. 368.

161 Ark. 579, affirmed.

CERTIORARI to a judgment of the Supreme Court of Arkansas which affirmed a judgment entered on a verdict against the Railroad in an action by the Grocery Company to recover damages for loss of a car-load of sugar.

*Messrs. Thomas B. Pryor* and *Vincent M. Miles* for petitioner. *Mr. Edward J. White* was also on the brief.

The entire charge for the transportation from Louisiana to Fort Smith was covered by tariffs on file with the Interstate Commerce Commission. A part of this charge was the amount paid the St. Louis-San Francisco Railway for transporting the car from the line of the Missouri Pacific to the warehouse of the respondent. This switching rate was properly a part of the "freight charges" and, therefore, the St. Louis-San Francisco shared in the freight charges. Notwithstanding the absolute liability of the initial carrier, under the Interstate Commerce Act, a presumption arises, in the absence of proof as to where the loss or damage to the shipment occurred, that the delivering carrier was negligent, in a suit against an inter-

mediate or delivering carrier.  *Georgia etc. R. R.* v. *Blish Milling Co.*, 241 U. S. 190.  In a suit for loss or damage to freight in transit, there is no presumption against an intermediate carrier, which is neither the initial nor the delivering carrier, that the loss or damage occurred on its line, and a recovery may be had against it only upon actual proof that the loss or damage occurred on its line.  *Oregon, Washington R. R.* v. *McGinn*, 258 U. S. 409.  The Interstate Commerce Commission has power to fix the charges for delivering cars on a private track.  *Terminal Railroad* v. *United States*, 266 U. S. 17.  *Grand Trunk Railway* v. *Michigan Railroad Commission*, 231 U. S. 457, held that Congress has not so taken over the whole subject of terminals, team tracks, switching tracks and sidings of interstate railways as to invalidate state regulations relative to the interchange of traffic.  This Court in *United States* v. *Penna. R. R.*, 266 U. S. 191, upheld the power of the Commission to treat movements such as this as transportation and to regulate them.

The Missouri Pacific had not directly contracted with the respondent.

Under the Interstate Commerce Act as amended by the Transportation Act, § 15, Pars. 3 and 4, 41 Stat. 485, the Interstate Commerce Commission approved a tariff fixing the rate that the St. Louis-San Francisco might charge for moving this car under its own control and with its own locomotive and over its own line of railroad, to the door of respondent's warehouse.  Prior to the time Congress entered this field, the Missouri Pacific Railroad Company might have made a private contract with the St. Louis-San Francisco Railway Company for such movement, but as the case stands the St. Louis-San Francisco Railway was performing a service as a common carrier under a tariff approved by the Interstate Commerce Commission, pursuant to authority granted it by an act of Congress.

*Messrs. Joseph M. Hill, Harry P. Daily,* and *John. P. Woods,* for respondent.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

This action was brought in a state court of Arkansas by Reynolds-Davis Grocery Company against the Missouri Pacific Railroad to recover for the loss of part of a carload of sugar shipped from Raceland, Louisiana, to Fort Smith, Arkansas, on a through bill of lading. The loss occurred within the city of Fort Smith while the car was in the possession of the Saint Louis-San Francisco Railroad. This carrier had been employed by the Missouri Pacific to switch the car from a point on its lines within the city to the consignee's warehouse, which lay within the city on the lines of the switching carrier. The Missouri Pacific, relying upon *Oregon-Washington Railroad & Navigation Co.* v. *McGinn,* 258 U. S. 409, requested the trial court to rule that, as the bill of lading provided that no connecting carrier should be liable for any damage which did not occur on its own lines, and delivery at the consignee's warehouse was part of an interstate shipment, the defendant was not liable, because it was neither the initial nor the delivering carrier. The court refused to rule as requested; the jury found for the plaintiff; and the judgment entered on the verdict was affirmed by the Supreme Court of Arkansas. 161 Ark. 579. This Court granted a writ of certiorari. 265 U. S. 577.

The joint through rate covered delivery at the warehouse of the consignee. The bill of lading named Morgan's Louisiana & Texas Railroad and Steamship Company as the initial carrier and the route designated therein named the Missouri Pacific as the last of the connecting carriers. Its lines enter Fort Smith but do not extend to the consignee's warehouse. It employed the

Saint Louis-San Francisco to perform the necessary switching service. And it paid therefor $6.30, the charge fixed by the tariff on file with the Interstate Commerce Commission. The switching carrier was not named in the bill of lading and did not receive any part of the joint through rate. It was simply the agent of the Missouri Pacific for the purpose of delivery. The Missouri Pacific was the delivering carrier and is liable as such.

*Affirmed.*