**AGAR FOOD PRODUCTS COMPANY, Plaintiff,**

v.

**CHICAGO RIVER AND INDIANA RAILROAD COMPANY, Defendant.**

**No. 71 C 663.**

United States District Court,
N. D. Illinois, E. D.
May 17, 1973.

Ronald Wilder, and Jay A. Frank, Aaron, Aaron, Schimberg & Hess, Chicago, Ill., for plaintiff.

Anna M. Kelly for William J. Scott, Atty. Gen., for the State of Illinois, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendant's motion to stay proceedings in order to seek an interpretation of Tariff 20–A from the Interstate Commerce Commission.

The plaintiff is Agar Food Products Co. ("Agar"), a corporation organized and existing under the laws of the State of Illinois with its principal place of business located within the State of Illinois. The defendant is Chicago River and Indiana Railroad Company ("Chicago"), a corporation organized and existing under the laws of the State of Illinois, which operates a line of railroad as a common carrier through this district in conjunction with other common carriers, railroads and transportation companies under an arrangement for continuous carriage from points in the State of Illinois to points outside the state.

This is an action brought under Section 20(11) of the Interstate Commerce Act, 49 U.S.C. § 20(11), for the loss and injury to a quantity of meat products carried by the defendant Chicago.

On January 12, 1972 this Court denied the defendant's motion to dismiss stating that a crucial question in this case is whether or not defendant was a party to a joint rate and that there is an issue of material fact as to whether defendant was paid under an absorption agreement or under a joint rate.

The defendant in support of its motion to stay the proceedings contends that the issue of whether Chicago was paid under an absorption agreement or under a joint rate is a matter which should be submitted to the Interstate Commerce Commission for determination pursuant to Section 5(d) of the Administrative Procedure Act. The plaintiff in opposition to the instant motion contends that this Court should not delay the proceedings further and should rely on numerous Commission decisions which are applicable to the instant issue.

It is the opinion of this Court that the defendant has not clearly presented this Court with a factual or legal issue which would require the staying of the instant proceeding and a determination by the Interstate Commerce Commission.

The doctrine of primary jurisdiction has been applied by federal courts to refer an issue pending before the court to an administrative body for ruling where it is believed that such referral is necessary because of the greater expertise of the agency and where the agency's determination is necessary to maintain uniformity within the area entrusted to the agency. Schwartz v. Bowman, 244 F.Supp. 51, 65–66 (S.D. N.Y.1965), aff'd sub nom., Annenberg v. Alleghany Corp., 360 F.2d 211 (2nd Cir. 1966), cert. denied, 385 U.S. 921, 87 S.Ct. 230, 17 L.Ed.2d 145 (1966). However, the doctrine of primary jurisdiction should not be applied where an agency has issued prior rulings and made its position clear on the issue sought to be referred to the agency.

Strickland Transportation Co. v. United States, 334 F.2d 172 (5th Cir. 1964). See also United States v. Western Pacific R. R., 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956).

It is clear that an absorption agreement is not identical with a joint rate agreement. Further, it is well settled that an absorption agreement is an indication of an agency relationship (a defense to the instant action), while a joint rate agreement is an indication of principal status (and thus liability in the instant action). The essence of the instant issue between the parties is a factual dispute as to whether the defendant was paid under an absorption agreement or under a joint rate agreement.

The Commission in its prior opinion, has defined the term "joint rate" and has laid down guidelines for determining when a carrier participates in a joint rate tariff as opposed to an absorption agreement. See Automobile to Southern Parts for Export, 225 I.C.C. 225 (1937); Allied Asphalt & Mineral Corp. v. Hoboken Manufacturers R. R., 194 I.C.C. 265 (1933); Trucking Less-Than-Carload Freight in Lieu of Rail Service In Chicago District, 185 I.C.C. 71 (1932); Louisiana, A. & T. by Co-Operation, 170 I.C.C. 602 (1931); Canton R. R. v. Ann Arbor R. R., 163 I.C.C. 263 (1930); Absorption of Switching Charges, 153 I.C.C. 656 (1921); see also Missouri Pacific R. Co. v. Reynolds-Davis Grocery Co., 268 U.S. 366, 45 S.Ct. 516, 69 L.Ed. 1000 (1925). Thus, there is apparently no need for referral to the Interstate Commerce Commission because the Commission's prior rulings are sufficiently clear on the matter and the defendant has failed to present a clear need for further administrative expertise at such a late date in the proceedings. See Thompson v. Baltimore & Ohio R. Co., 59 F.Supp. 21 (E.D.Mo.1945), modified in 155 F.2d 767 (8th Cir. 1946).

Accordingly, it is hereby ordered that the defendant's motion to stay the proceedings is denied.