## LOUISIANA & PINE BLUFF RAILWAY COMPANY v. UNITED STATES.

**APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF ARKANSAS.**

No. 291.   Argued October 14, 1921.—Decided November 7, 1921.

1. In a suit to set aside an order of the Interstate Commerce Commission, a claim that the order was unsupported by evidence can not be considered if only part of the evidence taken before the Commission is introduced in the suit.  P. 116.
2. One of numerous lumber tap lines whose allowances, under joint rates and through routes with trunk lines, were fixed by the Commission with reference to length of tap-line haul, added to its haul a preliminary out-of-line movement to a scales, where it weighed the shipments.  The Commission, finding no necessity for weighing by the tap line rather than by the trunk line, and that an increase of allowance based on such out-of-line haul would result in discrimination unjust to other tap lines and open the way for relocation of scales by other tap lines and increases of allowances amounting to rebates, refused to allow the out-of-line haul to be considered.  *Held,* that its order was not arbitrary or unreasonable.  P. 117.

274 Fed. 372, affirmed.

APPEAL from a decree of the District Court dismissing the bill in a suit to set aside an order of the Interstate Commerce Commission.

Mr. *Luther M. Walter,* with whom *Mr. John S. Burchmore* was on the brief, for appellant.

Mr. *Blackburn Esterline,* Special Assistant to the Attorney General, with whom *Mr. Solicitor General Beck* was on the brief, for the United States.

Mr. *W. R. McFarland,* with whom *Mr. P. J. Farrell* was on the brief, for the Interstate Commerce Commission.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

The Louisiana & Pine Bluff Railway Company, a common carrier owned by the Union Sawmill Company, serves it by means of a tap line which connects its mill at Huttig, Arkansas, with the Missouri Pacific Railway at Dollar Junction. The trunk line and the tap line joined in establishing through routes and joint rates from the mill to points on the trunk line and beyond. The division or allowance given to the tap line out of the joint rates was large. It was held by the Interstate Commerce Commission to amount to a rebate to the Union Sawmill Company and to discriminate unjustly against the Wisconsin Lumber Company, an independent concern also served by the tap line.[1] After proceedings before the Commission, which extended over many years, its supplemental order, entered June 10, 1919, limited the division receivable by the tap line for hauling lumber from the Union Sawmills

---

[1] See *The Tap Line Case,* 23 I. C. C. 277; 23 I. C. C. 549; 31 I. C. C. 490; 34 I. C. C. 116; *Louisiana & Pine Bluff Divisions,* 40 I. C. C. 470; 53 I. C. C. 475.

to Dollar Junction to $3 per car.[1]   The Louisiana & Pine
Bluff Railway Company then brought this suit in the
Federal District Court for Western Arkansas against the
United States to enjoin enforcement of the order and to
annul the same.  The bill charged that the order deprived
plaintiff of property without due process of law; that it
discriminated against plaintiff by denying to it the same
compensation which other carriers were allowed to charge
for like service; and that the Commission was without
authority in law or fact to make the order com-
plained of.   The Interstate Commerce Commission inter-
vened.   Answers setting forth the proceedings taken were
filed; and, by consent of parties, the case was submitted
for final hearing upon the pleadings.   The District Court
entered a decree dismissing the bill, and the case comes
here on appeal under the Act of October 22, 1913, c. 32,
38 Stat. 208, 220.

No claim is made here that the division allowed is so
low as to be confiscatory.   No claim is made that there
was lack of notice or of opportunity to be heard before the
Commission or that the proceedings before it were other-
wise irregular.   Nor could a claim that the order was un-
supported by evidence be insisted upon.   For only a part
of the evidence taken before the Commission was intro-
duced.   *Manufacturers Ry. Co.* v. *United States,* 246 U. S.
457, 481; *Spiller* v. *Atchison, Topeka & Santa Fe Ry. Co.,*
253 U. S. 117, 125.   The claim now urged is that the order
was arbitrary and so unreasonable that it should be set
aside.

After the decision in *The Tap Line Cases,* 234 U. S. 1, the
Commission made, in respect to each of the many tap line

---

[1] By the fifth supplemental order the maximum division for ship-
ments after May 31, 1919, was raised to $3.50 per car; and a further
increase to $4.50 per car was made by the sixth supplemental order.
*Increased Rates,* 58 I. C. C. 220.   Corresponding increases were made
for hauls greater than three miles.   These increases do not affect the
legal questions involved.

companies which were party to the proceeding, an order, 40 I. C. C. 470, like that sustained in *O'Keefe* v. *United States,* 240 U. S. 294. By these orders the maximum division to a tap line for hauling a car from the mill to the junction with the trunk line for a distance of not more than three miles was fixed at $3. For a distance over three and not more than six miles the division to the tap line was fixed at $1\frac{1}{2}$ cents per 100 pounds or approximately $9 a car. The plaintiff contends that it should be allowed to receive the division of $1\frac{1}{2}$ cents per 100 pounds on the ground that its haul from the Union Sawmill plants to Dollar Junction was longer than three miles. Cars loaded with lumber at the platforms of the Union Sawmills, if hauled direct to Dollar Junction, would travel only 2.41 miles. But they are not hauled direct to the junction; they are taken first in the opposite direction to a track scale located on and controlled by the trunk line. Because of this fact the distance actually traveled is 3.42 miles. The Commission, interpreting its own order, directed that for this service the plaintiff could not be allowed by the trunk line more than $3. The contention is that weighing the car is an integral part of the transportation service, *In re Weighing of Freight by Carrier,* 28 I. C. C. 7; *Detroit Coal Exchange* v. *Michigan Central R. R. Co.,* 38 I. C. C. 79; and that to refuse to make an allowance for the out-of-line haul is arbitrary and so unreasonable as to invalidate the order. For the haul from the Wisconsin Lumber Company's mill to Dollar Junction, which is 3.24 miles in the direct line, the Commission authorized the division to the plaintiff of $1\frac{1}{2}$ cents per 100 pounds.

The contention that the order is invalid ignores both the nature of the proceeding before the Commission and the findings upon which the order was made. The proceeding was one to remove unjust discrimination. The Commission's decision is based upon a consideration both

of general conditions and of the particular situation.   It finds that allowance of more than $3 a car for hauling the car from the Union Sawmill plant to Dollar Junction would result .in unjust discrimination.   That the finding was supported by evidence we must assume in this proceeding.   And not only does plaintiff fail to show that the conclusion reached was arbitrary; but additional findings .in the report afford abundant reason why the out-of-line haul to the scales should not be allowed for in fixing the division.   The Commission finds, 53 I. C. C. 475, 476, that: "The evidence does not show that it is necessary that the shipments be weighed by the tap line rather than by the trunk line; " and, 40 I. C. C. 470, 471, that allowing the larger division on these facts would place the plaintiff in a more advantageous position than any other tap line in that territory performing a similar service and would "open the way in the case of many tap lines for a relocation of their track scales so as to require a long back haul, and in that way to lay a basis for divisions or allowances very materially in excess of those fixed by the Commission for the distance covered by a direct move-ment from the mill to the junction."   In other words, divisions that would operate as rebates.

*Affirmed.*