**BLAIR et al. v. CLEVELAND, C., C. & ST. L. RY. CO. et al.**

No. 168—D.

District Court, E. D. Illinois.
Jan. 2, 1931.

C. B. Cardy, W. F. Garman, and D. Y. Erickson, all of Chicago, Ill., and Grant & Jones, of Danville, Ill., for plaintiffs.

L. P. Day, of Chicago, Ill., and Gunn, Penwell & Lindley, of Danville, Ill., for defendants.

LINDLEY, District Judge.

This is a suit brought under section 16 of the Interstate Commerce Act (49 USCA § 16) to recover certain sums aggregating $4,-429.44, with interest, alleged to be due from defendants to plaintiffs in pursuance of an award in the latter's favor in a proceedings before the Interstate Commerce Commission.

Paragraphs 1 and 2 of said section provide that, after hearing upon complaint made as provided by section 13 (49 USCA § 13), the Commission, if it determines that any party is entitled to an award of damages under the provisions of the act, shall make an order directing the carrier to pay to such party the sum to which he is entitled, and that, if the carrier does not comply with such order, any person for whose benefit such order was made may file in the federal court a petition setting forth the cause of action and the order of the Commission. The act further provides that such suit shall proceed in all respects as other civil suits for damages, except that on the trial the findings and orders of the Commission shall be prima facie evidence of the facts therein stated. There is a further provision that, if the petitioner prevails, he shall be allowed to recover reasonable attorney fees to be taxed and collected as a part of the costs.

The plaintiffs were retail coal dealers of Paris, Vermillion, and Dudley, Ill., and filed their complaint with the Commission against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company and the Pennsylvania Railroad Company, attacking as unjust and unreasonable the published rates on coal from Terre Haute and West Terre Haute to the points above mentioned and others. The defendants filed their general denials, and thereafter evidence was taken before an Examiner, who, in accordance with the practice, in due course filed a report. Defendant excepted thereto, and on January 3, 1928, Division 4 of the Commission entered an order holding the rates unreasonable to the extent that they exceed 76 cents per ton, and finding that the plaintiffs were entitled to recover the sums now sued for as unreasonable freight charges. A petition for rehearing was denied April 9, 1928. Other evidence, however, was taken October 23, 1928, before the Examiner for the purpose of receiving proof as to the amount of reparation due under the Commission's decision, and as a result the amounts for which suit is now brought were found to be due. Upon refusals of defendants to pay, this suit was filed January 27, 1930.

Defendants deny that the Commission granted them a fair and adequate hearing or that the plaintiffs were damaged; allege that the Commission's report and order were not supported by the evidence and that the Commission had before it no competent evidence to sustain its findings or order.

Under section 16 of the statute the findings and order of the Commission are prima facie evidence of the facts therein stated. The effect of this statute is as stated by Meeker v. Lehigh Valley Railroad Co., 236 U. S. 414, 35 S. Ct. 328, 59 L. Ed. 644, Ann. Cas. 1916B, 691, to establish a rebuttable presumption, cutting off no defense, and taking no question of fact from either court or jury. It merely creates a rule of evidence and does not abridge the rights of either party. To the same effect are Mills v. L. V. R. R. Co., 238 U. S. 473, 35 S. Ct. 888, 59 L. Ed. 1414; Pittsburgh & W. V. Ry. Co. v. United States (D. C.) 6 F.(2d) 646; and Missouri, K. & T. R. Co. v. Interstate Commerce Commission (C. C.) 164 F. 645.

The hearing in this court is de novo, and the court is entitled to receive and consider evidence in addition to that before the Commission, but the prima facie case made out by the findings and order of the Commission will prevail unless overcome by evidence submitted by defendants.

Considering the evidence and bearing in mind the objections to and the criticisms of the evidence submitted to the Commission, I am of the opinion there was substantially competent evidence before the Commission to support its findings and order; that the Commission did not act arbitrarily or unlawfully; that the prima facie case of the Commission's findings and order is not overcome by the defendants; and that there should be a judgment as prayed. I shall,

therefore, not discuss in detail the evidence submitted. It may be that certain of that testimony is incompetent, and that certain comparisons claimed to have been relied upon by the Commission were improperly considered, but there is sufficient evidence competent in character to sustain the findings and order.

■ Defendants contend that there is a variance between the proof and the allegations of the petition, in that petitioner claimed that there were two origin points, viz., Terre Haute and West Terre Haute, whereas in fact neither defendant serves any mine at Terre Haute; the Cleveland, Cincinnati, Chicago & St. Louis Railway Company has never at any time served the city of West Terre Haute, and the Pennsylvania Railroad has no station by the name of West Terre Haute, but only has a station within West Terre Haute known as Macksville. The Commission's findings and order cover shipments originating at Griff and Macksville. It is evident, however, that Macksville is a part of West Terre Haute, and that Griff, if not within the limits of West Terre Haute, is substantially the same as West Terre Haute. I am of the opinion, therefore, that this situation did not constitute a variance, and that the Commission was justified in finding that the term West Terre Haute included Griff and Macksville.

■ Complaint is also made as to recovery allowed two of the plaintiffs, i. e., Charles Crum and E. P. Huston. The plaintiffs listed as complainant before the Commission a copartnership composed of Charles Crum and W. E. Wade, and alleged that the Rudy Huston Grain Company was a copartnership consisting of E. P. Huston and the B. F. Rudy estate. The statute provides that the recovery may be made by the complainant, or any person for whose benefit such order may be made. The evidence showed, and the Commission found, that the Rudy Huston Grain Company was formerly a copartnership composed of E. P. Huston and the B. F. Rudy estate; that Rudy died during the year 1923; that Huston has since acquired all of his rights and interest in the copartnership and is entitled to any reparation on shipments due that firm. The evidence showed as to Crum that he was not a partner of Wade, but that coal was billed to the

Wade Grain & Feed Company and the freight bill sent to that Company, and that Crum made the payments. I am of the opinion that the Commission was not bound by the strict rules governing common-law proceedings, and had a right to make the order of reparation to the parties who were entitled to recover, irrespective of any technical variance between the proof and the allegations in the petition before the Commission.

■ Defendants allege also that the complaint was not filed with the Commission until the 16th day of December, 1925, beyond the time provided by the statute for filing of such complaints, and therefore came too late. However, the evidence shows that the complaint was originally received by the Commission on November 25, 1924, and remained with that Commission thereafter. Whether the petition was then marked filed or not is immaterial; it had been deposited with the Commission, and the failure of any administrative officer to mark the same as filed does not prevent the depositing of the same with the Commission from tolling the limitations of the statute. In State National Bank v. Lowenstein, 52 Okl. 259, 155 P. 1127, the Supreme Court of Oklahoma said that the date of filing papers is the date of depositing same with the proper custodian, and not the date they are marked filed. The filing is the actual delivery to the clerk without any regard to any action he may take. In Dickerson v. L. & N. R. Co. (C. C.) 189 F. 874, the court held that a letter to the Commission setting out the facts and containing a substantial prayer for relief is a sufficient complaint to stop the running of the statute of limitations. For all practical purposes the proper date of filing was November 25, 1924; hence there is no question as to the statute of limitations.

The statute provides for the allowance of attorney fees, and under the findings of the court plaintiffs are entitled to recover the same. However, there has been no evidence submitted to me as a basis for the fixing of such fees. The allowance thereof, therefore, will be reserved for action by the court if the parties shall fail to agree upon the same.

There will be a judgment in favor of plaintiffs, and against defendants, in accordance with the order and findings of the Commission.