**DEPARTMENT OF PUBLIC WORKS OF WASHINGTON v. UNITED STATES (INTERSTATE COMMERCE COMMISSION et al., Interveners).**

No. 452.

District Court, W. D. Washington, S. D. Jan. 11, 1932.

John H. Dunbar, Atty. Gen., John C. Hurspool, Asst. Atty. Gen., and James P. Neal, Asst. Counsel, Temple of Justice, of Olympia, Wash., for petitioner.

Elmer B. Collins, Sp. Asst. to Atty. Gen., and Anthony Savage, U. S. Atty., of Seattle, Wash., for defendant.

E. M. Reidy and D. W. Knowlton, both of Washington, D. C., for intervener Interstate Commerce Commission.

William C. McCulloch, and Teal, Winfree, McCulloch & Shuler, all of Portland, Or. (William B. Adams, of Portland, Or., of counsel), for interveners Public Utilities Commissioner of Oregon and others.

McMaster, Hall & Schaefer, of Vancouver, Wash., for interveners Port of Vancouver and Vancouver Chamber of Commerce.

Before WILBUR, Circuit Judge, and PRAY and CUSHMAN, District Judges.

CUSHMAN, District Judge (after stating the facts as above).

Objections have been made to the court considering the complaints made by petitioner as to the differential in rates established by the Commission's order. The court is asked to deny such consideration upon a number of grounds, included among which are the following:

The rates involved herein went into effect pendente lite, and, being now in effect, this controversy has become moot.

The asserted unlawful encroachment upon state power by the establishment of the differential has been adjudicated already against this complainant by this court.

The things complained of in this suit were cognizable by the Commission and within its jurisdiction to determine and in fact were submitted by this complainant to the Commission for its decision thereon in docket 17000, part VII.

The complainant has an adequate remedy at law for its alleged grievances through appropriate proceedings before the Commission, which has full power to grant it all lawful relief.

The order under attack prescribed only interstate rates.

The order under attack did not prescribe the differential.

The approval of the differential was not a reviewable order.

While the foregoing objections have been considered, they do not merit discussion. None of them warrants a denial of consideration by the court of complainant's complaint.

The further objection is made that "The Department of Public Works of Washington does not suffer any legal injury as a result of the Commission's order and can not maintain this suit."

The statutes of the state of Washington provide, at the direction of the Department of Public Works, for suits being brought by the Attorney General of the state in the superior court of Thurston county. Remington's Compiled Statutes of Washington 1922, § 10442. See, also, Remington's Compiled Statutes of Washington 1922, § 10447.

Doubtless the effect of the first of the above statutes is to require that all suits of the character described therein be brought in the superior court of Thurston county, but that court would have no jurisdiction of suits such as the present.

Sections 10450, 10389, 10783, and 10784, Remington's Compiled Statutes of Washington 1922, provide:

"§ 10450. It shall be the duty of the commission to enforce the provisions of this act and all other acts of this state affecting public service companies, the enforcement of which is not specifically vested in some other officer or tribunal."

"§ 10389. Whenever the commission shall find, after a hearing had upon its own motion or upon complaint, as herein provided, that the rates, fares or charges demanded, exacted, charged or collected by any common carrier for the transportation of persons or property within the state or in connection therewith, or that the regulations or practices of such common carrier affecting such rates are unjust, unreasonable, unjustly discriminatory, or unduly preferential, or in any wise in violation of the provisions of law, or that such rates, fares or charges are insufficient to yield a reasonable compensation for the service rendered, the commission shall determine the just, reasonable or sufficient rates, fares or charges, regulations or practices to be thereafter observed and enforced and shall fix the same by order as hereinafter provided. * * * "

"§ 10783. The director of public works shall have the power, and it shall be his duty, through and by means of the division of transportation:

"(1) To exercise all the powers and perform all the duties relating to common carriers of freight or passengers, and the transportation of property or persons, now vested in, and required to be performed by, the public service commission."

"§ 10784. The director of public works shall have the power, and it shall be his duty, through and by means of the division of public utilities: * * *

"(2) To exercise such other powers and perform such other duties as may be provided by law."

Under the foregoing statutes the Department of Public Works, in suits to carry out the provisions of the act for which provision is not made in sections 10442 and 10447, may proceed in such courts as would otherwise have jurisdiction.

The Interstate Commerce Commission having, by its order in No. 17000, part VII, prescribed an intrastate rate which would, in other than exceptional cases, be subject to the jurisdiction of the Department of Public Works (section 10389, supra), and the laws of the United States having made provision for suits to set aside unauthorized orders of the Interstate Commerce Commission, it would be unreasonable to deny to the petitioner the right to bring a suit such as the present in order that it may, in a proper case, remove obstacles to the exercise of its statutory powers. As long as the order of the Interstate Commerce Commission remains in effect, it is an obstacle hindering, if not preventing, the exercise by the department of its powers under section 10389, supra. North Dakota v. Chicago & Northwestern Railway Co., 257 U. S. 485, at page 491, 42 S. Ct. 170, 66 L. Ed. 329.

Petitioner complains:

That the conclusions of the Interstate Commerce Commission are not justified by its findings.

That an application of the order, findings, and conclusions violates section 3 of the act to regulate commerce, as amended (41 Stat. 479, § 405 [title 49, USCA § 3]), and the Joint Resolution of January 30, 1925 (43 Stat. 801 [title 49, USCA § 55]).

That the findings of the Commission are incomplete under the evidence.

That the findings and conclusions are contrary to the findings and conclusions proposed by the Commissioner and Examiners of the Commission who heard the witnesses.

That the effect of the findings is to deprive the carriers of the right to exercise managerial discretion.

That the result thereof is to deprive the authorities of the state of Washington of the right to fix reasonable rates in intrastate commerce within the state of Washington, and injuriously discriminates against intrastate traffic without regard to a proper exercise of the federal power to regulate the movement of commodities in commerce.

That the findings and conclusions result in depriving the Northern Pacific Railway of revenues, in violation of section 15a of the Interstate Commerce Act, as added by the Transportation Act, § 422 (41 Stat. 488 [title 49, USCA § 15a]).

That the rate fixed to Longview, Wash., is a discrimination against the markets on Puget Sound.

That the property of Washington citizens has been taken and damaged without due compensation, in violation of the Fourteenth Amendment to the Constitution.

That the difference in distance between such counties and the markets in question is not sufficient to warrant the maintenance of the difference in rates.

That the cost of transportation therefrom to the markets of Tacoma and Seattle will not exceed that to Portland justifying the difference in rates.

That the difference in rates has destroyed intermarket competition as between Puget Sound markets and Portland, and, as a re-

sult, the producers of wheat in the named counties have received relatively less than the producers in parity territory north of the Snake river.

In its written argument, petitioner has grouped its complaints under three heads, as follows:

(1) That the order of the Interstate Commerce Commission is contrary to and not sustained by the evidence.

(2) That the order is in direct conflict with the Joint Resolution of January 30, 1925 (43 Stat. 801 [title 49, USCA § 55]).

(3) That the order deprives the Northern Pacific Railway of the right to fix a rate that will bring to its line part of the traffic in grain from such counties.

The court will limit its discussion as has petitioner its argument.

Consideration of the Joint Resolution of January 30, 1925, supra, as something making unlawful rates and practices theretofore lawful, is not warranted. Ann Arbor R. Co. v. United States, 281 U. S. 658, 50 S. Ct. 444, 74 L. Ed. 1098.

Petitioner's complaint concerning the Northern Pacific Railway Company being deprived, by the order, of a right, cannot be entertained by the court in a suit to which such railway company is not a party. Sprunt & Son v. United States, 281 U. S. 249–256, 50 S. Ct. 315, 74 L. Ed. 832; Edward Hines Yellow Pine Trustees v. United States, 263 U. S. 143–147, 148, 44 S. Ct. 72, 68 L. Ed. 216.

As to petitioner's remaining contention. A finding by the Interstate Commerce Commission that a rate imposed by state authority on intrastate commerce causes undue, unreasonable, and unjust discrimination against interstate and foreign commerce is binding on the courts if there is evidence to support it. New York v. United States, 257 U. S. 591–601, 602, 42 S. Ct. 239, 66 L. Ed. 385.

A determination of the question whether the order of the Interstate Commerce Commission is not sustained by the evidence requires that all evidence upon which the Interstate Commerce Commission made its findings, decision, and order be before the court. Nashville Ry. v. Tennessee, 262 U. S. 318–324, 43 S. Ct. 583, 67 L. Ed. 999; Chicago, I. & L. Ry. v. United States, 270 U. S. 287–295, 46 S. Ct. 226, 70 L. Ed. 590; Edward Hines Yellow Pine Trustees v. United States, 263 U. S. 143–148, 44 S. Ct. 72, 68 L. Ed. 216; Louisiana & P. B. Ry. Co. v. United States, 257 U. S. 114–116, 42 S. Ct. 25, 66 L. Ed. 156; Spiller v. Atchison, T. & S. F. Ry. Co., 253 U. S. 117–125, 40 S. Ct. 466, 470, 64 L. Ed. 810.

In the last mentioned of the foregoing cases the court said: " * * * The transcript of the testimony taken by the commission, as introduced in evidence in the District Court, forms the basis of the decision of the Circuit Court of Appeals [246 F. 1] that the reparation order was unsupported by evidence. But the transcript shows that important documentary evidence was introduced, and furnished the principal foundation for the findings made. This documentary evidence (except the single sheet offered for purposes of illustration) was not introduced in the District Court, in order, as stated by counsel, to 'avoid introducing a number of papers that would almost fill a farm wagon.'' But obviously we hardly could sustain a decision rejecting the reparation order upon the ground that there was not sufficient evidence before the commission to support it when the whole of the evidence that was before the commission was not produced. * * * "

Petitioner, in its presentation of this phase of its case, has stressed the testimony of the witness Lonergan. The testimony of this witness is not complete without exhibits numbered 1888 to 1890, inclusive. These exhibits the court has not found.

The Oregon and Portland intervening defendants have particularly relied upon the testimony of the witness Hartman. The testimony of this witness is not complete without exhibit numbered 1884. The court has not found this exhibit.

The certificates to the copies of the record in the office of the Interstate Commerce Commission, made by its secretary, which have been introduced in evidence, do not include the foregoing exhibits.

The petitioner's complaint will be dismissed.

No order to that effect will be made for thirty days after the filing of this opinion, during which time any party to this suit may, upon due notice, institute proceedings to complete the testimony, in which event the time before entry of the order will be further extended until disposition is made of such proceeding.

If the transcript of the testimony is duly completed, jurisdiction will be retained and the issues further considered, but not before due steps are taken to conclude and finally

submit, upon notice or stipulation, the matters in issue.

The clerk will notify the parties of the filing of this decision.

PRAY, District Judge, concurs in the foregoing.