BARKER–MILLER DISTRIBUTING CO. v. BERMAN.

No. 823 A.

District Court, W. D. New York.

July 6, 1934.

Morey & Schlenker, of Buffalo, N. Y., for plaintiff.

Reisman, Schanzer & Kister, of Buffalo, N. Y., for defendant.

KNIGHT, District Judge.

This action is brought under section 7 (b) of the Perishable Agricultural Commodities Act (title 7 USCA § 557 (b) to enforce a liability determined by the Secretary of Agriculture under subdivision (a) of said section. Plaintiff offered in evidence the proceedings, findings, conclusions, and orders of the Secretary as making out a prima facie case under the statute.

The following findings of fact were made by the Secretary:

1. That the complainant is a corporation under the laws of Arizona, having its main office at Phœnix, Ariz.;

2. That respondent is an individual and was during all of the times and dates covered by the record engaged in the business of buying and selling perishable agricultural commodities in interstate commerce, at Buffalo, N. Y., and as such was and is a "dealer," as that term is defined in the Perishable Agricultural Commodities Act, 1930 (7 USCA §§ 551–568).

3. That on or about the 29th day of June, 1930, complainant sold and delivered to respondent one carload of Honeydew melons at the same price paid by complainant in the purchase thereof from the grower, plus $15 purchase charge; that said melons were shipped in interstate commerce from the Imperial Valley, in the state of California, in car initialed and numbered PFE–29264, and moved to Chicago, Ill.

4. That on or about July 2, 1930, complainant sold and delivered to respondent one carload of Honeydew melons at the same price paid by complainant in the purchase thereof from the grower, plus $25 purchase charge; that the said melons were shipped in interstate commerce from the Imperial Valley, in the state of California, in car initialed and numbered PFE–34079, and moved to Chicago, Ill.

5. That one Robert Berman, acting for and on behalf of respondent, entered into said purchase and sale agreement wherein it was understood and agreed between said parties that complainant's agent, one Comer, would purchase Honeydew melons in the Imperial Valley, in the state of California, and, as carloads were acquired, would forward to complainant at its Phœnix, Ariz., office the bills of lading, representing such purchases; that it was also agreed between said parties that respondent would repay complainant for said melons the same price paid by the said Comer, plus a purchase charge; that the said Robert Berman on behalf of respondent would make such payments upon being informed by complainant of the arrival of the bills of lading at complainant's Phœnix office; that said Robert Berman was personally informed of the arrival of the bills of lading for the cars above described on or about the 2d day of July, 1930, but failed, neglected, and refused to pay for the melons then moving toward Chicago in said cars above described; that on July 7, 1930, payment not yet having been made or bank guaranty received, complainant forwarded car PFE–29264 to Abe Cohen Company, at Rochester, N. Y., where said melons were sold for the net sum of $355.46; that the purchase price thereof, plus brokerage charge of $15, was $519; that complainant was damaged and suffered loss on account of respondent's failure truly and correctly to account for said melons in the sum of $163.54, no part of which has been paid.

6. That on the 7th day of July, 1930, complainant forwarded car PFE–34079 to H. Rothstein & Sons, at Philadelphia, Pa., where said melons were sold for the net sum of $141.06; that the purchase price thereof, plus a brokerage charge of $25, was $488.75; that complainant was damaged and suffered loss on account of respondent's failure truly and correctly to account for said melons in the sum of $347.69, no part of which has been paid.

On the above findings it was determined that the complainant should recover against the respondent the sum of $511.23 as reparation, with interest thereon, making in all the sum of $556.23.

At the trial defendant offered testimony of Robert Berman that the value of each car at Chicago was over $500; that he received no notice of the arrival of the bill of lading on the fifth car at the plaintiff's Phœnix office; that he was not in Phœnix from the 3d to the 7th of July, 1930, and that a representative of the plaintiff was informed of that fact; that on July 3d, before leaving Phœnix, he gave a check in payment for the fourth car to a business acquaintance and asked that it be delivered to plaintiff's office; that attempts were made to deliver the check on July 3 and 4, 1930, but were unsuccessful. Testimony was also presented that the market price of melons in Chicago on July 7, 1930, was from $3.50 to $3.75 per crate, average $3.62½.

■ Defendant has raised two questions regarding the jurisdiction of the Secretary of Agriculture to hear and determine the controversy. The first objection is that plaintiff did not file a complaint regarding the violation within the nine months allowed by section 6 of the act (7 USCA § 556). A timely complaint was made to the Secretary. This complaint contained a reservation of a right to file a supplemental complaint later but within the nine months period. A supplemental complaint was filed after the expiration of the nine months. Defendant asserts that the prior complaint was insufficient as a basis for this proceeding. The Secretary of Agriculture held otherwise. Since the original complaint was not introduced in evidence, there is no way in which this court can determine its sufficiency. In the absence of proof to the contrary, the court must assume that the Secretary would not have acted had he lacked jurisdiction.

The second objection is that the Secretary lacked jurisdiction because the facts claimed by plaintiff, if true, do not constitute either (a) rejection without probable cause, as checked by plaintiff on the formal complaint, or (b) failure or refusal truly and correctly to account promptly. The Secretary of Agriculture assumed jurisdiction on the basis of the complaint. As previously stated, the complaint not being before the court, judgment cannot be passed upon its sufficiency.

■ Defendant's next contention is that, even if the Secretary of Agriculture had jurisdiction to hear and determine the issues, a finding that the defendant either (a) rejected without probable cause, or (b) failed or refused truly and correctly to account, is against the weight of evidence. As to rejection without probable cause, obviously there could be no finding against the defendant. As to the failure of the defendant to account, there was evidence to support the finding made by the Secretary. Defendant cannot attack the findings of the Secretary on the basis of the evidence presented before him, particularly when the record of such evidence is not before this court. Mississippi Valley Barge Line Co. v. United States (D. C.) 4 F. Supp. 745; Department of Public Works v. United States (D. C.) 55 F.(2d) 392; Spiller v. Atchison, etc., R. Co., 253 U. S. 117, 40 S. Ct. 466, 64 L. Ed. 810; Chicago, Ill. & L. R. Co. v. United States, 270 U. S. 287, 46 S. Ct. 226, 70 L. Ed. 590; Interstate Commerce Commission v. New River Co., 265 U. S. 533, 44 S. Ct. 610, 68 L. Ed. 1165.

■ The present proceeding is not in the nature of an appeal from or a review of that determination. It is a proceeding de novo, but, by virtue of the statute, the prima facie case made out by the findings and order of the Secretary of Agriculture will prevail unless overcome by evidence submitted by defendant. Blair v. Cleveland, C., C. & St. L. Ry. Co. (D. C.) 45 F.(2d) 792. If the findings of the Secretary were against the weight of evidence, a new presentation of such evidence in this court, as part of the defendant's case, would seem the proper manner of avoiding the effect of such findings.

■ The agreement provided that the cars in transit should be diverted to the defendant when paid for. Actually both of the cars in question were diverted to defendant although payment had not been received. Defendant now asserts that the act of diverting the cars to defendant and issuing a bill of lading in the name of the defendant constituted a sale of the merchandise to the defendant and that the sale is not enforceable by reason of the statute of frauds since the buyer did not accept part of the goods, give anything in earnest or in part payment, or sign any note or memorandum in writing. The Secretary of Agriculture has found that there was an acceptance of the merchandise by the defendant and that the transaction was thereby taken without the operation of the statute. Regardless of whether or not there was an acceptance by defendant, it is my opinion that the relationship of the parties under the contract was such that the statute of frauds is not applicable. Plaintiff was not attempting to sell to the defendant goods which it had acquired for its own purposes. Plaintiff went into the market and made purchases for defendant. Plaintiff was defendant's purchasing agent or broker and was paid a fee for his services in purchasing for the defendant.

There was no relationship of buyer and seller despite the fact that the plaintiff advanced the purchase money at the time of obtaining the merchandise. Under such circumstances the statute of frauds has no application.

 On the question of damages defendant has offered testimony to the effect that there was an active market for melons at Chicago on the day of the diversion and that, if the melons had been sold at Chicago at the prevailing prices, the plaintiff would not have suffered any loss. Plaintiff was under the duty of minimizing the loss as far as possible. However, in view of the perishable nature of the melons, it was not necessary that they be held for any substantial length of time, while the plaintiff sought offers for them. Unless it had higher offers at the time it sold to the Rochester and Philadelphia buyers, plaintiff must be held to have sufficiently performed its duty in this respect.

Under the agreement, defendant was to make payment for the melons when notified that the bill of lading was at the plaintiff's Phœnix office. Such payment not having been made, and, consequently, the bill of lading not having been delivered, defendant acquired no right to the merchandise and cannot complain of the plaintiff's rediversion of the melons to itself.

Plaintiff is entitled to judgment in the amount of the reparation order, to wit, $556.-23, with interest from March 5, 1932. Petitioner is allowed attorney's fees in the sum of $75.