## SPANO v. WESTERN FRUIT GROWERS, Inc.

### No. 1309.

Circuit Court of Appeals, Tenth Circuit.

April 6, 1936.

Albert L. Vogl, of Denver, Colo. (Carle Whitehead and Frank A. Wachob, both of Denver, Colo., on the brief), for appellant.

Richard M. Lee, of Denver, Colo. (Lee, Shaw & McCreery, of Denver, Colo., on the brief), for appellee.

Before LEWIS and BRATTON, Circuit Judges, and KENNEDY, District Judge.

BRATTON, Circuit Judge.

Appellee, a licensed dealer in grapes in California, filed a complaint with the Secretary of Agriculture alleging that it sold to appellant, a licensed dealer in Colorado, a carload of grapes to be shipped in interstate commerce and delivered at Denver; that the grapes were shipped in accordance with the contract; and that without reasonable cause and in violation of section 2 of the Perishable Agricultural Commodities Act appellant refused to accept them to appellee's damage. Appellant answered denying wrongful rejection of the shipment. The Secretary heard the matter, made findings and conclusions and awarded appellee reparations in the sum of $1,145.25 with interest thereon at the rate of 6 per cent. from August 4, 1933, until paid, and directed that payment be made on or before a date fixed in the order. A petition on appeal from that action was seasonably filed in the court below in which it was alleged, among other

things, that the findings and award were not supported by the evidence, were contrary to the evidence, and were erroneous in law. Trial de novo was expressly prayed. The Secretary lodged with the court certified copies of the complaint with its attached exhibits, the answer, the findings, the conclusions, and the order. Trial by jury was waived and the matter came before the court for trial on its merits. Appellee offered such certified copies in evidence. Appellant thereupon made an opening statement of the evidence which he' proposed to introduce. The court then sustained an objection to the introduction of any evidence on the part of appellant until the evidence introduced on the hearing before the Secretary was produced in court. After some intervening proceedings, appellant stood on his right to introduce evidence tending to establish his defense without' first producing a certified copy of the evidence submitted to the Secretary, and judgment was rendered against him for the amount of the original award with interest and attorneys' fees. This appeal followed.

The Perishable Agricultural Commodities Act was enacted in 1930. 46 Stat. 531. It defines the terms, person, commission merchant, dealer, broker, perishable agricultural commodities, and transaction, in respect to such commodities. Section 1. It declares unlawful any act of a dealer in rejecting without reasonable cause any perishable commodity bought or sold or contracted for purchase or sale in interstate or foreign commerce. Section 2. It provides that any commission merchant, dealer or broker who thus rejects such a perishable commodity shall be liable for the damages sustained in consequence of his action. Section 5 (7 U.S. C.A. § 499e). It authorizes the Secretary of Agriculture to entertain and consider complaints of such rejection (section 6); to award damages therefor and to direct payment of such damages within a time to be fixed in the order. Section 7 (a), 7 U.S.C.A. § 499g (a). It then provides that if a commission merchant, dealer, or broker fails to comply with such an order, the complainant may within one year after the date thereof institute an action thereon in the District Court of the United States for the district in which the principal place of business of such merchant, dealer, or broker is located, or in any state court having general jurisdiction

of the parties. Such action shall proceed like other civil suits, except that the findings and orders of the Secretary are made prima facie evidence of the facts stated therein. Section 7 (b). The further provision is that all laws in respect to the suspension, restraint, or setting aside in whole or in part of orders made by the Interstate Commerce Commission shall be applicable to orders made by the' Secretary under the terms of the act. Section 11 (7 U.S.C.A. § 499k). The act approved April 13, 1934 brought several new provisions into the statute. 48 Stat. 584. The one having materiality here was added as paragraph (c) of section 7 (7 U.S.C.A. § 499g (c). It provides that either party adversely affected by an order of reparation made by the Secretary may, within thirty days after the date of such order, appeal therefrom to the United States court for the district in which the hearing was had; that such appeal shall be perfected by the filing with the clerk of a notice thereof with a petition in duplicate reciting the proceedings before the Secretary and stating the grounds relied upon to defeat the right of the adverse party to recover the damages, together with proof of service upon such adverse party; that the clerk shall forward a copy of such petition and notice to the Secretary, who shall prepare and lodge with the clerk certified copies of the pleadings upon which the case was heard, findings, conclusions, order, and decision; and that the suit in court shall be tried de novo and shall proceed in all respects like other civil suits for damages, except that the findings of fact and orders shall be prima facie evidence of the facts stated therein.

Paragraph (b) of that section, authorizing the institution of an independent action in court to enforce an award of reparations and providing that such an action shall proceed like other civil suits, except that the findings and orders of the Secretary shall be prima facie evidence of the facts stated therein, is quite akin to section 16 (2) of the Interstate Commerce Act (49 U.S.C.A. § 16 (2). It has been repeatedly held and is now settled law that in an independent action brought to restrain orders made by the Interstate Commerce Commission, particularly administrative orders touching rates or the kind of facilities a carrier shall provide, the findings of the Commission cannot be challenged for lack of evidence without the evidence taken before it being produced on the trial. Spiller

v. Atchison, T. & S. F. R. Co., 253 U.S. 117, 40 S.Ct. 466, 64 L.Ed. 810; Louisiana & P. B. R. Co. v. United States, 257 U.S. 114, 42 S.Ct. 25, 66 L.Ed. 156; Chicago, I. & L. R. Co. v. United States, 270 U.S. 287, 46 S.Ct. 226, 70 L.Ed. 590. In an independent action brought under the provisions of paragraph (b) to enforce an award made by the Secretary, those cases would have application with controlling effect and the findings could not be attacked without the evidence heard by the Secretary being produced on the trial. See Barker-Miller Distributing Co. v. Berman (D.C.) 8 F.Supp. 60. But this is not an action of that kind. The amendment adding paragraph (c) to section 7 brought a new right into the act. It authorizes either party adversely affected by the order of the Secretary to take a direct appeal and expressly provides that the trial on such appeal shall be de novo and shall proceed in all other respects as other civil suits for damages, except that the findings of fact and orders of the Secretary shall be prima facie evidence of the facts therein stated. That is the only instance in which trial de novo is authorized and in that respect the provision differs materially from the preceding paragraph.

■ "Trial de novo" is generally held to mean a trial anew of the entire controversy, including the hearing of evidence as though no previous action had been taken. Peters v. Holder, 40 Okl. 93, 136 P. 400; Giles v. Shaw, 146 Okl. 28, 293 P. 1103; Richards Medicine Co. v. Johnson (Tex. Civ.App.) 267 S.W. 1067; Krause v. Spurgeon, 221 Mo.App. 26, 297 S.W. 434; Morton Salt Co. v. Wells (Tex.Civ.App.) 35 S. W.(2d) 454; Thompson v. City of Birmingham, 217 Ala. 491, 117 So. 406. And it is a cardinal rule of statutory construction that unless the context indicates otherwise, words of common use are to be given their ordinary and generally accepted meaning. Old Colony R. Co. v. Commissioner, 284 U.S. 552, 52 S.Ct. 211, 76 L.Ed. 484; Magnano Co. v. Hamilton, 292 U.S. 40, 54 S.Ct. 599, 78 L.Ed. 1109; Balanced Rock Scenic Attractions, Inc., v. Manitou (C.C.A.) 38 F.(2d) 28; Lansdown v. Faris (C.C.A.) 66 F.(2d) 939; McCaughn v. American Meter Co. (C.C.A.) 67 F.(2d) 148; Commis-

sioner v. Beebe (C.C.A.) 67 F.(2d) 662, 92 A.L.R. 862.

■ This provision in the statute does not declare that the trial shall be de novo on the evidence submitted before the Secretary; nor that it shall be de novo on that evidence with the right to introduce additional evidence; nor that it shall be de novo, except that the findings shall be prima facie of the facts and not subject to attack for lack of supporting evidence unless the evidence offered before the Secretary is produced on the trial. It authorizes a trial de novo as in other civil suits for damages with only one exception, and that is that such findings and orders shall be prima facie of the facts therein stated. That means that they shall stand as the established facts until sufficient evidence is produced on the trial to overcome them. The exception merely creates a rebuttable presumption. It establishes a rule of evidence and does not prevent any defense. It does not interpose an obstacle to the presentation of any contest on the issue, nor does it take away the right of either party to introduce any pertinent or relevant evidence. Meeker & Co. v. Lehigh Valley R. Co., 236 U.S. 412, 35 S.Ct. 328, 59 L. Ed. 644, Ann.Cas.1916B, 691; Mills v. Lehigh Valley R. Co., 238 U.S. 473, 35 S.Ct. 888, 59 L.Ed. 1414; Pittsburgh & W. V. R. Co. v. United States (D.C.) 6 F.(2d) 646. In view of the clear provision authorizing for the first time a direct appeal and trial de novo as in other actions for damages with the single exception mentioned, we think the right of a party to challenge the findings for lack of evidence to support them is not conditioned upon the production of the evidence which was introduced before the Secretary. If the Congress had intended that such evidence must be produced on the trial in court before the aggrieved party can attack the findings on that ground, it doubtless would have so declared in appropriate language. The grant of the right of appeal and of trial de novo without so providing points convincingly to the absence of such legislative intent; and courts should not superadd it.

The judgment is reversed, and the cause remanded for further proceedings in accordance with these views.