The WESTERN PACIFIC RAILROAD
COMPANY et al., Plaintiffs,

v.

UNITED STATES of America et al.,
Defendants.

Civ. No. 41779.

United States District Court
N. D. California, S. D.

June 22, 1964.

Walter G. Treanor, E. L. Van Dellen, R. W. Bridges, San Francisco, Cal., for plaintiffs Western Pac. R. Co., Sacramento Northern Ry. and Tidewater Southern Ry. Co.

William H. Orrick, Jr., Asst. Atty. Gen., Cecil F. Poole, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., for defendant United States of America.

Robert W. Ginnane, General Counsel, Robert S. Burk, Attorney, Interstate Commerce Commission, Washington, D. C., for intervenor Interstate Commerce Commission.

Charles W. Burkett, W. Harney Wilson, San Francisco, Cal., for intervenor Southern Pac. Co.

Vaughan, Paul & Lyons, Varnum Paul, San Francisco, Cal., Earl F. Requa, Frank S. Farrell, St. Paul, Minn., for intervenor Northern Pac. Ry. Co., Camas Prairie R. Co. and Walla Walla Valley Ry. Co.

F. J. Melia, J. H. Anderson, William P. Higgins, Omaha, Neb., Robert N. Lowry, San Francisco, Cal., for intervenor Union Pac. R. Co.

No appearance for intervenor Atchison, Topeka & Santa Fe Ry. Co.

Before MERRILL, Circuit Judge, and SWEIGERT and ZIRPOLI, District Judges.

ZIRPOLI, District Judge.

This is an action brought under the Judicial Code, Sections 1336, 1398, 2284

and 2321 through 2325 of Title 28 United States Code, to enjoin, annul and set aside a report and order of the Interstate Commerce Commission. The plaintiffs, Western Pacific Railroad and its subsidiaries,[1] claim that the defendants[2] are engaged in discriminatory rate practices at the Portland, Oregon interchange, in violation of Section 3(4) of the Interstate Commerce Act; 49 U.S.C. § 3(4). Section 3(4) provides as follows:

"All carriers subject to the provisions of this part shall, according to their respective powers, afford all reasonable, proper, and equal facilities for the interchange of traffic between their respective lines and connecting lines, and for the receiving, forwarding, and delivering of passengers or property to and from connecting lines; and shall not discriminate in their rates, fares, and charges between connecting lines, or unduly prejudice any connecting line in the distribution of traffic that is not specifically routed by the shipper. As used in this paragraph the term 'connecting line' means the connecting line of any carrier subject to the provisions of this part or any common carrier by water subject to part III."

Several issues were ruled on by the Commission which are challenged here[3];

---

1. The Sacramento Northern Railway and the Tidewater Southern Railway Company.

2. The defendants named in the complaint filed in the Commission action were: The Atchison, Topeka & Santa Fe Railway Company; The Great Northern Railway Company; The Northern Pacific Railway Company; The Union Pacific Company; The Camas Prairie Railroad Company, jointly owned by Northern Pacific and Union Pacific; The Pacific Coast R. R. Co; The Spokane International Railroad Company, a subsidiary of the Union Pacific; and the Washington, Idaho and Montana Railway Company. The Northern Pacific and Union Pacific and their subsidiaries denied the allegations of the complaint. The Great Northern, Pacific Coast, Santa Fe and the Washington, Idaho and Montana answered the complaint with expressions of willingness to establish and maintain the routes and rates sought. The Southern Pacific Company intervened in opposition to the complaint.

3. The Commission noted that although plaintiffs had "indicated a willingness to rely alone on the alleged violation of Section 3(4)", they had not withdrawn their Section 1(4) [Title 49 U.S.C. § 1(4)] allegations nor their request for "prescription of through routes", a remedy related to a Section 1(4), rather than a Section 3(4) violation (316 I.C.C. at 810). The Commission ruled on both issues. On the Section 3(4) issue, after a lengthy discussion of the law and the facts, the Commission found (316 I.C.C. at 810):
   "There is, therefore, no basis for a finding that the carriers are connecting lines within the meaning of section 3(4)."

It then went on to say: "Even if the complainants were connecting carriers, the evidence of record does not establish the similarity of circumstances and conditions which justifies equality of treatment." This last quoted issue this Court need not and does not reach. On the section 1(4) issue, which plaintiffs do not now urge, the Commission found (316 I.C.C. at 811): "On the basis of this record, we cannot find that the public interest would be served by requiring the establishment of joint rates and through routes which are substantially slower and costlier than the present route." The Commission ordered plaintiffs' complaint dismissed because (316 I.C.C. 811):

"We find that the failure and refusal of the defendants to establish through routes and joint rates with the complainants through Bieber and Portland, between points in California, on the one hand, and points in Oregon, Washington, and Idaho, on the other, on the same basis as those published in connection with the Southern Pacific through Portland, is not shown to be unjust or unreasonable, nor to result in discrimination against the complainants in violation of section 3(4) of the act; and that the establishment of through routes and joint rates in connection with the complainants, through Bieber and Portland, is not shown to be necessary or desirable in the public interest."

Other issues raised in the complaint before this Court, and which this Court need neither reach nor resolve, relate to the evidence, testimony rejected and findings of fact that the Commission is alleged to have either failed to make or erroneously found.

but since we agree with the Commission's conclusion that plaintiffs are not a "connecting line" within the meaning of Section 3(4) of the Act, we find it unnecessary to resolve the remaining issues presented by the complaint.

The factual background of this case is as follows: The two routes considered herein are called the Bieber route and the Southern Pacific route. The former was created by an order of the Commission in 1931 and was designed to be a competitor with the Southern Pacific route. See Great Northern Ry. Co. Construction, 166 I.C.C. 3, 170 I.C.C. 399. For purposes of this case, the Bieber route consists of the Santa Fe from points in southern California to Stockton, California, thence Western Pacific to Bieber, California, and thence Great Northern to Portland, Oregon. This line extends along the eastern side of northern California through eastern Oregon to Wishram on the Columbia; from Wishram the line runs to Vancouver, Washington and thence to Portland, Oregon. The Southern Pacific route extends from points in southern California by either Santa Fe or Southern Pacific, through the central part of northern California and central Oregon to Portland. Southern Pacific and defendants have maintained a system of through routes and rates at the Portland interchange for over 50 years. With the exception of a few commodities, defendants have refused to establish a similar system of through routes and rates with Western Pacific.

■■ A connecting line within the meaning of Section 3(4) is one which has either a direct physical connection at the common interchange or is one which makes up a "through route" through the interchange point. Atlantic Coast Line R. Co. v. United States, 284 U.S. 288 at 293, 52 S.Ct. 171, 76 L.Ed. 298 (1932). Because Western Pacific terminates at Bieber, California and is therefore the middle link in a three line route, it does not have a direct physical connection with the defendant at Portland, Oregon.

The criteria for the determination of whether a through route exists are set forth in Thompson v. United States, 343 U.S. 549, 557, 72 S.Ct. 978, 983, 96 L.Ed. 1134, as follows:

"Existence of a through route is to be determined by the incidents and circumstances of the shipment, such as the billing, the transfer from one carrier to another, the collection and division of transportation charges, or the use of a proportional rate to or from junction points or basing points. These incidents named are not to be regarded as exclusive of others which may tend to establish a carrier's course of business with respect to through shipments.
*"In short, the test of the existence of a 'through route' is whether the participating carriers hold themselves out as offering through transportation service.* Through carriage implies the existence of a through route whatever the form of the rates charged for the through service."
(Emphasis added.)

■ Plaintiff properly concedes that it does not meet the above test [4] because the existence of a few instances of joint rates and through routes on some commodities is not sufficient to establish a through route generally. Chicago M. St. P. & P. R. Co. v. Spokane P. & S. Ry. Co., 300 I.C.C. 453 (1957), aff'd Chicago M. St. P. & P. R. Co. v. United States, 366 U.S. 745, 81 S.Ct. 1630, 6 L.Ed.2d 772 (1961); Denver & R. G. W. R. Co. v. Union Pac. R. Co., 351 U.S. 321, 76 S.Ct. 982, 100 L.Ed. 1220 (1956). Therefore, because plaintiff does not meet the test of the Atlantic Coast Line case, it is not a "connecting line" within the meaning of section 3(4).

---

4. Plaintiffs' opening brief, page 8, states: "There is little doubt that, under the doctrine of the Thompson case, supra, there are not, as yet, a full line of through routes over the Bieber route to or from Northern or Union Pacific points."

Plaintiff's reliance on Chicago, I. & L. Ry. v. United States, 270 U.S. 287, 46 S.Ct. 226, 70 L.Ed. 590 (1926) is misplaced. This case involved reciprocal switching arrangements and presented no question of whether the carriers in that case were "connecting lines" for section 3(4) purposes. Moreover, the case was decided prior to the Atlantic Coast Line case. Plaintiff's principal argument is that the definition of a "connecting line" is not limited to the definition of Atlantic Coast Line. This Court is satisfied that the present definition fully comports with the statutory purpose, and that any further expansion of the term is not warranted. Because the Supreme Court has not rendered any decision on this question since Atlantic Coast Line, this Court is bound to follow that decision. Any further liberalization of the present definition will have to come from the Supreme Court.

It is therefore ordered that the petition to enjoin, annul and set aside the order of the Commission is denied, and the complaint is dismissed.