## TOZZI v. BALLEY.

No. 10848.

Circuit Court of Appeals, Ninth Circuit.

March 31, 1945.

Rehearing Denied May 1, 1945.

Smallpage & Macomber, Lafayette J. Smallpage, and Forrest E. Macomber, all of Stockton, Cal., for appellant.

Wilson S. Wiley, of Klamath Falls, Ore., for appellee.

Before DENMAN, HEALY, and BONE, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment of the district court holding that appellant had breached an agreement of April 1, 1940, with appellee to sell appellee 10,851 sacks of potatoes f. o. b. cars at Klamath Falls, Oregon, at $1.45 per sack, and awarding damages for the $2,500 paid appellant on account and an additional amount of $2,471.56 for the value of the potatoes over the agreed sales price on April 6, 1940, the day of the breach.

The parties agree that the $2,500 portion of the damages was properly adjudged. The sole question here is whether the evidence supports the award of damages of $2,471.56 for the increased value over the agreed price of the 10,851 bags on April 6, 1940—that is, an increased value of 22.7-plus cents per bag over the agreed $1.45. The district court found the awarded amount was not in excess of the market price on the date of the breach.

There is evidence that appellee before April 6 received a bona-fide offer of $2 per sack for a contract sale of a May delivery f. o. b. Klamath Falls, Oregon, with an intervening storage charge of a maximum of 20¢ per sack.

It is also admitted that appellant sold the 10,851 sacks for their additional 22.7-plus cents or for $1.677-plus per sack. The date of this sale as evidence of the market price is not fixed in the record here with reference to April 6, 1940. Exhibit G showing the date of appellant's sale was before the district court but not included in the record on appeal. We are hence required to assume that such omitted evidence sustains the district court's finding that the damages awarded are not above the market price of the date of the contract's breach. Bakersfield Abstract Co. v. Buckley, 9 Cir., 100 F.2d 530, 531; Carter Oil Co. v. Norman, 7 Cir., 131 F.2d 451, 456; Cooper v. Dasher, 290 U.S. 106, 108, 54 S.Ct. 6, 78 L.Ed. 203.

Appellant contends that the district court erred in not finding the exact market price. In view of what has been said, if this be error, it was harmless error, not prejudicial to appellant.

The judgment of the district court is affirmed.