**LOGIN CORPORATION v. BOTNER et al.**

No. 27588.

District Court, N. D. California, S. D.

Oct. 20, 1947.

Shearer & Thomas, of San Francisco, Cal., and Blanksten & Lansing, of Chicago, Ill., for respondent-appellant.

Bernstein, Weiss, Tomson, Hammer & Porter, of New York City, and Melvin, Faulkner, Sheehan & Wisemen, of San Francisco, Cal., for complainants and appellees.

GOODMAN, District Judge.

Pursuant to the provisions of Section 499g(c) of Title 7 U.S.C.A., Perishable Agricultural Commodities Act, 7 U.S.C.A. 499a et seq., the above styled respondent-appellant filed in this court its petition in support of an appeal from a reparation order of the Secretary of Agriculture by which he awarded damages in the sum of $19,177.98 in favor of appellee and against respondent-appellant. Simultaneously with the filing of the petition, respondent-appellant filed a document entitled "Bond on ap-

peal from reparation order of the Secretary of Agriculture." This document, while styled a "Bond" was, in effect, nothing more than an agreement by the respondent-appellant by which it bound itself in the sum of $50,000 to pay any judgment for damages awarded by this court upon the appeal including interest, costs and attorney's fees. The document was executed by the corporation, by its president and secretary and the corporate seal was affixed.

Plaintiff and appellee has moved to dismiss the appeal and to strike the so-called "Bond" upon the ground that the respondent-appellant has failed to comply with the provisions of Section 499g(c) which specifies that an appeal from an order of reparation of the Secretary of Agriculture to the United States District Court shall be perfected by the filing of the notice of appeal "together with a bond in double the amount of the reparation award conditioned upon the payment of the judgment entered by the court plus interest and costs, including a reasonable attorney's fee for the appellee, if the appellee shall prevail."

Appellee contends that the appeal to this court has not been properly perfected for the reason that the document entitled "Bond" is not a bond in the sense of being security but is a mere promise on the part of the appellant to pay any judgment that may be awarded by the court.

Appellant on the other hand contends that by the language of the statute no security or surety is required and that the word "bond" as there used merely means the equivalent of the old common law formal agreement under seal.

■ It is obvious from the language of the statute that the bond therein referred to is a supersedeas, its purpose being to stay the hand of the Secretary of Agriculture. It is true that at common law a bond was a solemn instrument in writing between the obligor and obligee usually under seal. By its formal sealing it was distinguished from other more simple promises. However, that Congress in using the word "bond" in this statute was intending to require an agreement in the nature of the old common law obligation borders upon absurdity. Certainly the framers of the statute did not

intend to require a party appealing from a reparation order of the Secretary of Agriculture to the District Court to subscribe to a solemn promise to be bound by the judgment of the court which, in any event, would bind the appellant upon its rendition. To attribute to Congress such an intention would be to fly in the face of orthodox canons of statutory construction.

■ The use of the word "bond" in proceedings in Federal Courts is unquestionably synonymous with "security." I know of no process under any Federal Statute or in the course of any Federal judicial procedure which requires or provides for the giving of any written promise under seal or otherwise by any litigant to be bound by any judgment or order of court, unless it is a part of an undertaking by way of security to stay proceedings or to insure payment of a claim or judgment.

[3] The term "bond" is commonly used in judicial procedure in connection with the giving of security for a stay of proceedings upon appeal or otherwise. In that sense only is its use in this statute understandable or effective.

■■ The Federal Rules of Civil Procedure apply to this proceeding, once it has been started, since the statute says that this proceeding "shall proceed in all respects like other civil suits for damages." Section 499g(c). Proceedings under this statute in Federal Courts are excepted from the Federal Rules of Civil Procedure only with respect to the manner of commencement of the proceeding. Rule 81(a)(4), Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c. If we look into the Rules of Civil Procedure we find that the word "Bond" as there used refers to bonds that are security and have sureties. e.g. See Rules 73(c), 73(d), 73(e), 73(f). The rules of our own court speak of a bond as a security. Rule 10b, Rules of Practice District Court of the United States for the Northern District of California.

In the only two cases of record in this district, of which this court is cognizant, wherein appeals have been taken from orders of reparation of the Secretary of Agriculture, bonds by surety companies in double the amount of the reparation order

have been filed by the appellant. See Conroy, Inc. v. Weyle-Zuckerman & Co., D.C., 39 F.Supp. 784, where the appellant filed a bond of the Pacific Indemnity Company in the sum of $2,000; and Bailey v. Tozzi, #4586 Northern Division, affirmed on appeal by the Circuit Court of Appeals, Tozzi v. Bailey, 9 Cir., 148 F.2d 660, wherein the appellant filed in the District Court at the time of appeal from a reparation award of the Secretary of Agriculture, a surety bond of the Hartford Accident and Indemnity Company, a surety company, in the sum of $12,000.

It is my conclusion that the term "bond" as used in Section 499g means a bond with good and sufficient surety or sureties conditioned and in form as provided in the statute and the rules of our court.

Accordingly the motion to dismiss the appeal from the reparation order of the Secretary of Agriculture will be granted unless within ten (10) days from the date of this order the appellant files a bond with sufficient surety or sureties conditioned and in form as required by the statute and the rules of our court.

In view of the ruling made, it is unnecessary to pass upon the motion to strike the bond.