## ALEXANDER MARKETING CO. v. HARRISBURG DAILY MARKET.

Civ. A. No. 3378.

United States District Court
M. D. Pennsylvania.

Aug. 2, 1949.

---

William A. Bissell, of Stark, Bissell & Griffith, Scranton, Pa., Seward R. Moore, Neil A. Riley, Minneapolis, Minn., for plaintiff.

James W. Reynolds, of Shelley & Reynolds, Harrisburg, Pa., for respondent.

WATSON, Chief Judge.

This is an appeal by Harrisburg Daily Market from a reparation order made by the Secretary of Agriculture, after hearing held at Harrisburg in this District under the Perishable Agricultural Commodities Act, 1930, Section 7(c), as amended, 7 U.S.C.A. 499g(c). The matter is before the Court on a motion to dismiss the appeal by Alexander Marketing Company, complainant, before the Secretary of Agriculture and appellee in this proceeding.

Dismissal of the appeal is sought on the grounds that (1) the Alexander Marketing Company is not a resident of the State of Pennsylvania and was not, and is not, subject to service of process of the United States District Court for the Middle District of Pennsylvania; and (2), if said Alexander Marketing Company is subject to service of process of the United States District Court for the Middle District of Pennsylvania, such service was not made personally by a United States Marshal, as required by Rule 4(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Section 7(c) of the Perishable Agricultural Commodities Act, as amended, states in part: "Either party adversely affected by the entry of a reparation order by the Secretary may * * * appeal therefrom to the district court of the United States for the district in which said hearing was held. * * * Such appeal shall be perfected by the filing of a notice thereof together with a petition in duplicate which shall recite prior proceedings before the Secretary, and shall state the grounds upon which petitioner relies to defeat the right of the adverse party to recover the damages claimed, with the clerk of said court with proof of service thereof upon the adverse party, together with a bond in double the amount of the reparation award * * *."

Proceedings under this Act are excepted from the Federal Rules of Civil Procedure with respect to the manner of commencement of the proceedings by Rule 81(a) (4) of the Federal Rules of Civil Procedure, 28 U.S.C.A. which provides in part: "These rules do not alter the method prescribed by the * * * Act of June 10, 1930, c. 436, § 7, 46 Stat. 534, as amended Title 7 U.S.C.A. § 499g(c), for instituting proceedings in the district courts of the United States to review orders of the Secretary of Agriculture." See Login Corp. v. Botner et al., D.C.N.D.Cal.1947, 74 F.Supp. 133. Therefore, the language of the Perishable Agricultural Commodities Act must control the proper method for instituting these proceedings in this Court.

The only question here is, whether the respondent-appellant followed that portion of the Act which requires filing with the clerk a proof of service of the notice of appeal and the appeal petition on the adverse party. There is no doubt that respondent-appellant complied with all other requirements of the Act for instituting such proceedings.

The respondent-appellant filed an alleged proof of service of the notice of appeal and the appeal petition by certifying that it mailed at the post office at Harrisburg, Pennsylvania a copy of an attached letter, notice of appeal and appeal petition to Alexander Marketing Company, San Benito, Texas, and Messrs. Seward R. Moore and Neil Riley, 415 Northwestern National Life Insurance Building, Minneapolis, Minnesota, attorneys for Alexander Marketing Company, and by attaching registered receipts for the same. After the filing of the motion to dismiss, the respondent-appellant also filed an alleged proof of service of appeal in the form of registered return receipts for the above mentioned letters.

Congress intended to require proof that the adverse party received notice that an appeal had been instituted. It is clear that Congress did not intend to require personal service by a United States Marshal upon the adverse party in the case

of an appeal from a reparation order of the Secretary of Agriculture. Such construction would make an appeal under the Act impossible in most cases. The Act permits an appeal only to the District Court of the United States for the district in which the Secretary of Agriculture held the hearing. Seldom if ever do both parties to the proceedings reside in the district in which the hearing was held. It could not have been the intent of Congress to extend the right to such appeal to some parties aggrieved by the award of the Secretary of Agriculture and not to others who find it impossible to cause personal service to be had as contended by the Alexander Marketing Company, complainant-appellee.

The respondent-appellant in this case has perfected its appeal by complying with all the provisions of the Perishable Agricultural Commodities Act as to appeals, and this Court has jurisdiction of the matter.

The motion to dismiss will be denied.

Now, August 2, 1949, the motion by Alexander Marketing Company to dismiss the appeal in this case is denied.