AMERICAN FRUIT GROWERS, Inc. v. S. T. RUNZO & CO., Inc.

Civ. A. No. 9090.

United States District Court
W. D. Pennsylvania.

March 6, 1951.

Harry S. Dunmire, Pittsburgh, Pa., for complainant.

Harvey A. Miller, Jr., of Miller & Miller, Pittsburgh, Pa., for respondent.

844

GOURLEY, District Judge.

The matters before the Court arise out of an appeal by S. T. Runzo & Co., Inc., hereinafter referred to as "Runzo", from a reparation order of the Secretary of Agriculture in which damages were awarded in the amount of $1497.80, with interest, in favor of American Fruit Growers, Inc., hereinafter referred to as "American."

Motions have been filed by American as follows:

1. Motion for judgment on the pleadings.

2. Motion to dismiss appeal of Runzo from reparation order entered by the Secretary of Agriculture in favor of American.

3. Motion to strike answer of Runzo to claim originally filed by American with Secretary of Agriculture.

### 1. Motion for Judgment on the Pleadings.

█ In considering a motion for judgment on the pleadings, the facts alleged by the party whose interests are adverse to the party making the motion must be taken to be true and the inquiry is whether upon those facts a cause of action has been stated. Art Metal Const. Co. for Use of McCloskey & Co., Inc., v. Lehigh Structural Steel Co., 3 Cir., 116 F.2d 57.

█ The appeal and answer of Runzo create issues which would be a defense to the claim of American if believed and properly proved. In view thereof, the motion for judgment on the pleadings is denied.

### 2. Motion to Dismiss Appeal of Runzo from Reparation Order Entered by the Secretary of Agriculture in Favor of American.

The Act provides, inter alia, that the Secretary of Agriculture shall determine the amount of damages, if any, to which the complaining party is entitled as a result of the violation of said Act, and shall make an order directing the offender to pay to the complaining party such amount as may be determined to be due on or before the date fixed in the reparation order under any of the following terms or conditions:

(a) After hearing on a complaint made by any person.

(b) Without hearing as provided in the Act.

(c) Upon failure of the party complained against to answer a complaint duly served within the time prescribed by the Secretary.

(d) Upon failure to appear at a hearing after being duly notified as directed by the Secretary. 7 U.S.C.A. § 499g(a).

The Act further provides that either party adversely affected by the entry of a reparation order by the Secretary may, within thirty days from and after the date of such order, appeal therefrom to the District Court of the United States for the district in which said hearing was held.

It is not questioned that the appeal was perfected by Runzo in accordance with the provisions of the Perishable Agricultural Commodities Act, hereinafter referred to as "the Act." 7 U.S.C.A. § 499a et seq.

The action in the district court shall be a trial de novo and shall proceed in all respects like all other civil suits for damages, except that the findings of fact or order or orders of the Secretary shall be prima facie evidence of the facts therein stated. Such petition and pleadings, certified by the Secretary upon which decision was made by him upon filing in the district court, shall constitute the pleadings upon which said trial de novo shall proceed, subject to any amendment allowed in the district court. 7 U.S.C.A. § 499g(c).

█ Trial de novo is generally held to mean a trial anew of the entire proceeding, including the hearing of evidence as though no previous action had been taken. This provision in the Act does not declare that the trial shall be de novo on the evidence submitted before the Secretary, nor that it shall be de novo on that evidence with the right to introduce additional evidence; nor that it shall be de

novo, except that the finding shall be prima facie of the facts and not subject to attack for lack of supporting evidence unless the evidence offered before the Secretary is produced in the trial. It authorized a trial de novo as in other civil suits for damages with only one exception, and that is, that such findings and orders shall be prima facie of the facts therein stated. It establishes a rule of evidence and does not prevent any defense. Spano v. Western Fruit Growers, 10 Cir., 83 F.2d 150.

It is the contention of American that Runzo, appellant, failed to comply with the provisions of the Act and regulations promulgated by the Secretary, in that Runzo failed to file an answer to the claim of American before the Secretary of Agriculture. This neglect resulted in the Secretary entering default judgment in favor of American and against Runzo.

Pursuant to the provisions of said Act, 7 U.S.C.A. §§ 499f(a) and 499g(a), the Secretary established rules of practice which provided, inter alia, that within twenty days after service of the formal complaint, an answer shall be filed by the respondent and that a failure to file said answer within the time prescribed by the Secretary shall constitute a waiver of hearing and an admission of the facts alleged in the complaint. Section 47.8(a), 47.8(c) Rules of Practice promulgated by the Secretary of Agriculture.

■ There is no question that the Secretary of Agriculture, being the head of an administrative agency, had inherent power to adopt and promulgate rules of procedure, which have the force and effect of law, providing they are reasonable. Hill v. Federal Trade Commission, 5 Cir., 124 F.2d 104.

The Act makes no exceptions in specifically giving an adverse party affected by the reparation order of the Secretary a right to appeal to the United States District Court. It is necessary to read the Act as a whole to determine the intent of Congress relative to the appeal provisions.

■ In view of the provisions in the Act which set forth the circumstances under which the Secretary may enter a reparation order, one of which is the failure of the party complained against to answer a complaint, if Congress intended that a right to appeal did not exist, where the Secretary entered a reparation order by default, it would have been so provided.

■ The motion to dismiss the appeal amounts to an admission of all facts set forth in the appeal. A motion to dismiss must be denied unless it clearly appears that the allegations of fact set forth in the pleading, which is attached, is insufficient to entitle the complaining party to recover. Kroese v. General Steel Castings Corp., 3 Cir., 179 F.2d 760. The motion to dismiss the appeal is denied.

3. Motion to Strike Answer of Runzo to Claim Originally Filed by American With Secretary of Agriculture.

■ Proceedings on appeal to the federal district court from reparation order of the Secretary of Agriculture under the Act are governed by Federal Rules of Civil Procedure, 28 U.S.C.A., except with respect to the manner of commencement of the proceeding. Login Corp. v. Botner, D. C., 74 F.Supp. 133.

■ The fact that defenses were not raised in the proceeding before the Secretary of Agriculture, does not preclude a party adversely affected by a reparation order to present any proper defense after the perfection of his appeal to the United States District Court. Ernest E. Fadler Co. v. Hesser, 10 Cir., 166 F.2d 904.

The appeal proceeding clearly sets forth the defense to the action of American against Runzo. The answer filed by Runzo amounts to not more than a re-affirmation of the facts set forth in the appeal.

■ ■ The Federal Rules of Civil Procedure should be liberally construed in order to bring about a fair and impartial administration of justice. Since the appeal is heard de novo, I believe it proper under the Act to permit an answer to be filed in this court which raises matters to be adjudicated in a trial de novo.

The motion to strike the answer of the appellant in this court is denied.