**WESCO FOODS CO. v. DE MASE et al.**

No. 10629.

United States Court of Appeals
Third Circuit.

Argued Feb. 20, 1952.

Decided March 7, 1952.

Harvey A. Miller, Jr., Pittsburgh, Pa. (Miller & Miller, Pittsburgh, Pa., on the brief), for appellants.

Gilbert E. Morcroft, Pittsburgh, Pa., for appellee.

Before GOODRICH and HASTIE, Circuit Judges and HARTSHORNE, District Judge.

GOODRICH, Circuit Judge.

This is a suit to recover damages occasioned by the refusal of the defendants to

accept and pay for a carload of tomatoes which they had purchased from the plaintiff. The plaintiff had a verdict in the District Court for the difference between the contract price of the tomatoes and what they brought when sold to another purchaser after the shipment was refused by the buyer. There are only two questions in the case which call for discussion and that discussion may be brief. The District judge thoroughly considered it, understood the problems involved and passed on them. We do little more than say the same thing that he did in our own words.

The first point has to do with the correctness of the ruling that the buyers failed to give notice of rejection within the time required. There is a regulation promulgated under the Perishable Agricultural Commodities Act [1] which requires one rejecting a shipment of goods coming within the Act to give notice of rejection within an hour after receiving either an oral or a written report of the results of a federal inspection.[2]

This buyer called for a federal inspection when he was notified of the arrival of the tomatoes in Pittsburgh. The first inspection was said to be a top layer inspection only. The buyer then called for a full inspection. Whether he could have called for this after already having had a top layer examination we do not need to decide because the seller consented to it. The next day there was a full inspection and the result reported to the buyer that afternoon. After that the buyer rejected the goods.

The claim between buyer and seller was first heard before the United States Department of Agriculture pursuant to the terms of the statute. One finding resulting from that hearing was that the federal inspection was secured at 1:45 P. M. on May 11, 1948. It was found that the buyer rejected the shipment in the forenoon of May 12, 1948. Quite clearly if this is the fact, the buyer did not comply with the regulation which obviously contemplates exceedingly prompt action in the case of these perishable commodities.

Under the act of Congress, the findings in the hearing before the Department of Agriculture are prima facie correct. One of the buyers testified on his own behalf at the trial in the District Court. The very most that can be claimed for his testimony is that it is equivocal because at one place he testified that his notice of rejection was given on the 12th of May and at another place he said it was the 11th of May.

Under these circumstances the District Judge directed the jury on this point. His action was correct and the defendant has no valid complaint on this score.

The only other question is that regarding the title of the plaintiff to the goods which he sold the defendants. This question was left to the jury and the jury found for the plaintiff. We are not at all sure that there would have been error in directing the jury on the point. The defendant's case is not strong. A representative of the plaintiff said that the plaintiff owned the tomatoes sold to the defendant. Counsel seemed to find some weakness in the force of this conclusion because the particular employee did not know all the facts about the payment of the purchase price. But there was also an invoice for the car

1. 46 Stat. 531 (1930), as amended, 7 U.S.C.A. § 499a.

2. § 2 of the Perishable Agricultural Commodities Act provides that it is a violation of the Act, " * * * For any dealer to reject or fail to deliver in accordance with the terms of the contract without reasonable cause any perishable agricultural commodity bought or sold * * * in interstate * * * commerce by such dealer".

§ 46.2(q) of the Regulations defines the phrase "reject without reasonable cause" as the act "(1) of refusing or failing to accept such produce within a reasonable time, * * *." 8 Fed.Regs. p. 6393 (1943).

Acceptance is defined in § 46.2(s) of the Regulations as " * * * (2) Failure of the purchaser to apply for Federal inspection of the produce within a reasonable time, as defined in Paragraph (r) of this section, and to take action to notify the seller of his rejection within an hour after he has received either an oral or a written report of the results of such inspection." Ibid.

from the concern which had sold the tomatoes to the plaintiff and that was in evidence. The jury found for the plaintiff and we do not see how they could have done anything else.

 The defendant claims that testimony on a matter regarding other tomatoes in another car was erroneously rejected by the trial judge. The testimony was on a collateral issue and we do not see how, had it been introduced, it would have helped the defendant's case. There was no error in its rejection.

The judgment of the District Court will be affirmed.