**HAMILTON BROS., Inc. v. HAZZOURI.**

Civ. A. No. 4102.

United States District Court
M. D. Pennsylvania.

May 14, 1952.

James J. Zaydon, Scranton, Pa., for appellant.

Frank J. DeSanto, of Nogi, O'Malley & Harris, Scranton, Pa., for appellee.

WATSON, Chief Judge.

This is an appeal from a reparation order made by the Secretary of Agriculture under the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C.A. § 499g (c). The award was in favor of the appellee and against respondent-appellant in the sum of $1,508.83. Under the provisions of the Act, the appellant may appeal by filing a petition within 30 days from the date of the reparation order, together with a bond in double the amount of the reparation award conditioned upon the payment of the judgment entered by the court plus interest, and costs, including a reasonable attorney's fee for the appellee, if the appellee should prevail. With its petition, appellant filed a bond in the sum of $3,500, with two individuals appearing thereon as sureties, namely, Said B. Douaihy and Nabihy Douaihy, his wife. Appellee now moves to dismiss the appeal on the ground that the appellant has failed to file a bond with sufficient surety or sureties.

The Federal Rules of Civil Procedure, 28 U.S.C., apply to the proceeding. The Act provides that the proceeding "shall proceed in all respects like other civil suits for damages". 7 U.S.C.A. § 499g(c). Login Corporation v. Botner, D.C.N.D.Cal., 1947, 74 F.Supp. 133. Rule 73(c) provides "The bond on appeal shall have sufficient surety and shall be conditioned to secure the payment of costs * * *." Rule 73(d) provides "Whenever an appellant entitled thereto desires a stay on appeal, he may present to the court for its approval a supersedeas bond which shall have such surety or sureties as the court requires." Since the Rules do not state what constitutes a sufficient surety, the matter is necessarily left to the discretion of the court.

Preliminarily, appellee alleges that it has not been made to appear that the surety on the bond in question is adequate and sufficient to provide the required security. However, in an affidavit accompanying said bond, the sureties have stated under oath that they are the owners of a home in Scranton that is in excess of the value of $3,500 above all encumbrances, and that they own the home in fee simple and that by virtue thereof have signed the above stated bond as sureties. Appellee has not come forward with any information to contest the value of the real estate as stated by the sureties, and it must therefore be presumed that the security is adequate as to amount.

Appellee also contends that the bond does not have sufficient surety because it is an individual surety bond and not a corporate surety bond. Rule 73 does not provide that it must be a corporate surety bond; it merely provides that the bond shall have sufficient surety, and the Court is of the opinion that the present bond does have sufficient surety. Appellee relies upon Login Corporation v. Botner, 74 F.Supp. 133, supra, wherein the court in a similar proceeding granted the motion to dismiss the appeal because of the insufficiency of the bond, but the facts there differ from those in the present appeal. There the appellant went his

own bond and had no surety thereon. In the course of its opinion, the court mentioned that in similar appeals of record in that district, bonds by surety companies had been filed, and stated that such bonds have sufficient surety. The case, however, does not hold that Rule 73 requires a corporate surety, rather than an individual surety.

The Court also finds that the bond is properly conditioned to secure the payment of the judgment and costs as required by the Act and by Rule 73(c) of the Federal Rules of Civil Procedure.

It is ordered that the appellee's motion to dismiss the appeal, for failure to file a bond with sufficient surety or sureties and properly conditioned, be, and it hereby is, denied.