JOHN J. TROMBETTA CO., Inc.

v.

GOLDSTEIN AND PROCACCI.

Civ. A. No. 23824.

United States District Court
E. D. Pennsylvania.

July 5, 1961.

**289**

Fred Lowenschuss, Philadelphia, Pa.,
for plaintiff.

Malcolm H. Waldron, Jr., Philadelphia,
Pa., for defendant.

VAN DUSEN, District Judge.

In this suit under the Perishable Agricultural Commodities Act (7 U.S.C.A. § 499b(4)) for failure of a buyer to account and make full payment promptly for perishable tomatoes purchased by him, the jury brought back a verdict for the defendant partnership. This verdict was contrary to the findings of the representative of the Secretary of Agriculture, who had made an award to plaintiff in an administrative hearing under the Act on the grounds that the tomatoes were of the No. 2 U. S. Grade specified in the contract, the defendant had no right to reject them for failure to conform with the contract, and no subsequent contract or novation had been made. The post-trial motions raise these two issues:

A. The plaintiff is not entitled to judgment n. o. v. even though the defendant's witnesses testified in the same way that they had in the administrative proceeding.

Plaintiff contends that, since the defendant's witnesses did not add anything to the testimony which they had given in the administrative proceeding, it is entitled to judgment as a matter of law, since the Findings of Fact and Order of the Secretary are prima facie evi-

dence of the facts under the following sentence of the Act (7 U.S.C.A. § 499g (c)):

> "Such suit in the district court shall be a trial de novo and shall proceed in all respects like other civil suits for damages, except that the findings of fact and order or orders of the Secretary shall be prima-facie evidence of the facts therein stated."

■ In making this contention, plaintiff cites the terms of the Administrative Procedure Act, 5 U.S.C.A. § 1009(e), for the proposition that agency action, findings and conclusions can only be set aside if they are unsupported by substantial evidence. However the general language of this later Act of Congress is not sufficient to negative the clear intent of the above sentence in the Perishable Agricultural Commodities Act, requiring a trial de novo in all respects like other civil suits for damages in the district court. In Meeker & Co. v. Lehigh Valley R. R., 1915, 236 U.S. 412, 35 S.Ct. 328, 334, 59 L.Ed. 644, the Supreme Court of the United States had before it § 16 of the Interstate Commerce Act, 34 Stat. 590, which contained this sentence:

> "Such suit shall proceed in all respects like other civil suits for damages, except that on the trial of such suit the findings and order of the Commission shall be prima facie evidence of the facts therein stated."

At page 430 of 236 U.S., at page 335 of 35 S.Ct. of the opinion, the court made clear that the presumption involved in the above-quoted language from § 16 only created a rebuttable presumption, as follows:

> "This provision only establishes a rebuttable presumption. It cuts off no defense, interposes no obstacle to a full contestation of all the issues, and takes no question of fact from either court or jury. At most,

therefore, it is merely a rule of evidence."

■ The jury was entitled to disbelieve evidence which was accepted by the hearing representative of the Secretary of Agriculture and to accept the testimony of defendant's witnesses that the tomatoes were not of proper quality under No. 2 U. S. Grade.[1]

Although there are no cases directly in point, the United States Court of Appeals for the Third Circuit would appear to support the foregoing conclusion. See Rothenberg v. H. Rothstein & Sons, 1950, 181 F.2d 345, and 1950, 183 F.2d 524, 21 A.L.R.2d 832; California Fruit Exchange v. Henry, 1950, 184 F.2d 517; Wesco Foods Co. v. De Mase, 1952, 194 F.2d 918. See, also, Angeles Brokerage Co. v. Carlo Panno Fruit Co., 9 Cir., 1954, 211 F.2d 341, 345 where the court said:

> "In the trial de novo provided by the statute, the evidence, testimony and claims of the parties with respect to these fact issues were again fully presented in the lower court and there subjected to a new appraisal and evaluation of probative weight by the district judge. As to these issues the statute leaves no doubt that the district judge is empowered to determine from the record before him whether the prima-facie case resting on the findings of fact and order of the Secretary was adequately supported or was overcome and/or discredited by the evidence and testimony adduced in his court."

Cf. Barker-Miller Distributing Co. v. Berman, D.C.W.D.N.Y.1934, 8 F.Supp. 60, 62.

B. The plaintiff is not entitled to a new trial in view of the terms of F.R.Civ.P. 51, 28 U.S.C.A., and F. R.Civ.P. 61.

■■ There was sufficient evidence produced by defendant to overcome the

---

1. The fact that the trial judge may believe that the administrative board was in a far better position than the jury to make this decision is immaterial, in view of the action of Congress in providing for a jury trial de novo.

prima facie case established by the findings and order of the administrative tribunal. However, the question of whether plaintiff is entitled to a new trial as the result of defendant's request for what is, at the least, a confusing point for charge, is a very close one. In addition to the defense of failure of the goods to conform to the requirement in the contract that they be of No. 2 U. S. Grade, the defendant also advanced the defense that a new contract or novation had been made, even though the goods did conform to the contract, since the plaintiff had agreed that defendant could sell the goods for whatever price it could obtain and remit the net proceeds to plaintiff. After review of the record, the trial judge finds that the defendant had the burden of proof on this second defense. However, the defendant asked that the following point for charge be read to the jury and this request was granted (paragraph 3 of Document No. 13):

"3. The burden of proof is upon the plaintiff to prove his case by a preponderance of the evidence."

In accordance with this paragraph, the charge also included this language:

"And you use the same process exactly on whether or not there was a subsequent agreement, when you consider the second contention of the defendant; namely, that there was an agreement between Mr. Reina and Mr. Goldstein on March 28, 1956, that Mr. Goldstein, the buyer, was to go ahead and sell the goods for whatever he could get. Again, the plaintiff has the burden of proof on that."

■ Although this was error, the plaintiff did not object specifically to this point for charge and did not call the judge's attention to the error in the language of the charge quoted above, as

required by F.R.Civ.P. 51. In view of the language of F.R.Civ.P. 51 and F.R. Civ.P. 61 (particularly the last sentence), the plaintiff is not entitled to a new trial on this ground.

The briefs of counsel in this matter have been filed as Documents Nos. 16 and 17.[2]

### Order

And now, July 5, 1961, it is ordered that plaintiff's Motion For Judgment Notwithstanding the Verdict and plaintiff's Motion For New Trial (Document No. 15) are denied.

2. During the argument on the post-trial motions, counsel for plaintiff was granted a week within which to notify the court in the event that he wanted to take the position that plaintiff had not received the net proceeds of the sale of the tomatoes, as shown in defendant's statement of April 13, 1956 (Exhibit D to the petition filed with the Secretary of Agriculture). No word has been received from counsel for plaintiff on this point, so that it is assumed that plaintiff did receive such net proceeds, in accordance with the testimony offered by the witnesses for the defendant during the trial.