David A. FLOOD, Trustee of Estate of
Taylor's Potato Chip Company, Inc.
(Bankrupt), Petitioner/Claimant,

v.

M. P. CLARK, INC., Respondent.

Civ. A. No. 43142.

United States District Court
E. D. Pennsylvania.

Aug. 21, 1967.

Ned Stein, Philadelphia, Pa., for plaintiff.

Samuel D. Slade, Thomas B. Rutter, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendant.

## OPINION AND ORDER

DAVIS, District Judge.

On June 19, 1967, the Secretary of Agriculture entered a reparation Order in favor of the bankrupt claimant in the amount of $13,893.00, as authorized by the Perishable Agricultural Commodities Act, 7 U.S.C.A. section 499a et seq. On July 14, 1967, an appeal was prosecuted by the respondent under section 499g(c) [1] of the Act.

---

1. The requirements for appealing from a reparation order are set forth in 7 U.S.C.A. section 499g(c), as follows: "Either party adversely affected by the entry of a reparation order by the Secretary may, within thirty days from and after the date of such order, appeal therefrom to the district court of the United States for the district in which said hearing was held: *PROVIDED*, That in cases handled without a hearing in accordance with subsections (c) and (d) of section 499f of this title or in which a hearing has been waived by agreement of the parties, appeal shall be to the district court of the United States for the district in which the party complained against is located. Such appeal shall be perfected by the filing with the clerk of said court a notice of appeal, together with a petition in duplicate which shall recite prior proceedings before the Secretary and shall state the grounds upon which the petitioner relies to defeat the right of the adverse party to recover the damages claimed, with proof of service thereof upon the adverse party. Such appeal shall not be effective unless within thirty days from and after the date of the

The petitioner has filed this motion to dismiss, alleging that notice of the appeal was never received; that since the provision of the Act requiring notice was not complied with, the appeal had never been perfected. The relevant portion of the Act to which the petitioner alludes, states that an appeal is perfected "by the filing with the clerk of said [district] court a notice of appeal, together with a petition in duplicate which shall recite prior proceedings before the Secretary and shall state the grounds upon which the petitioner relies to defeat the right of the adverse party to recover the damages claimed, *with proof of service thereof upon the adverse party*" (emphasis added).

The respondent, however, contends that timely service was made upon petitioner's attorney, and that under Rule 5(b) of the Federal Rules of Civil Procedure, service upon a party represented by an attorney, shall be made upon the attorney.[2] The respondent's position, therefore is that perfection of an appeal under the Act is fulfilled, if in addition to the other enumerated requirements, proof of service upon the adverse party's attorney is filed with the clerk of the court.

Furthermore, the respondent alleges that since the petitioner's address did not appear in any of the pleadings or papers on file, including the transcript of the administrative proceedings before the Department of Agriculture, service was "impossible" on any person other than counsel.

█ With regard to the latter allegation, this Court finds no validity whatsoever in the contention that notice could not be tendered because the address of a party to a prior administrative proceeding did not appear in any of the documents of record. There is no evidence

---

reparation order the appellant also files with the clerk a bond in double the amount of the reparation awarded against the appellant conditioned upon the payment of the judgment entered by the court, plus interest and costs, including a reasonable attorney's fee for the appellee, if the appellee shall prevail. Such bond shall be in the form of cash, negotiable securities having a market value at least equivalent to the amount of bond prescribed, or the undertaking of a surety company on the approved list of sureties issued by the Treasury Department of the United States. The clerk of court shall immediately forward a copy thereof to the Secretary of Agriculture, who shall forthwith prepare, certify, and file in said court a true copy of the Secretary's decision, findings of fact, conclusions, and order in said case, together with copies of the pleadings upon which the case was heard and submitted to the Secretary. Such suit in the district court shall be a trial de-novo and shall proceed in all respects like other civil suits for damages, except that the findings of fact and order or orders of the Secretary shall be prima-facie evidence of the facts therein stated. Appellee shall not be liable for costs in said court if appellee prevails he shall be allowed a reasonable attorney's fee

to be taxed and collected as a part of his costs. Such petition and pleadings certified by the Secretary upon which decision was made by him shall upon filing in the district court constitute the pleadings upon which said trial de novo shall proceed subject to any amendment allowed in that court;"

2. "(b) Same: How Made. Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party himself is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his last known address or, if no address is known, by leaving it with the clerk of the court. Delivery of a copy within this rule means: handing it to the attorney or to the party; or leaving it at his office with his clerk or other person in charge thereof; or, if there is no one in charge, leaving it in a conspicuous place therein; or, if the office is closed or the person to be served has no office, leaving it at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. Service by mail is complete upon mailing."

that such information could not have been obtained utilizing the methods of discovery authorized by the Federal Rules. Indeed, there has been no indication that any reasonable effort was made to obtain the address in question. Absent a showing of due diligence on the part of counsel, no consideration need be given by this Court to this allegation.

■ The more significant question raised in the motion to dismiss is whether service of notice of the appeal upon petitioner's attorney constitutes compliance with the requirements of the Perishable Agricultural Commodities Act. The respondent's position is that Rule 5 (b) of the Federal Rules specifically authorizing service of process upon a party's attorney, is applicable to an appeal from a reparation order.

Section 499g(c) of the Act indicates that the "suit in the district court shall be a trial de novo and shall proceed in all respects like other suits for damages * * *." Although this would tend to authorize the application of the Federal Rules, F.R.Civ.P. 81(a) (4) creates a partial exemption by stating that "These rules do not alter the *method* prescribed by [the Perishable Agricultural Commodities Act] for initiating proceedings in the United States district courts to review orders of the Secretary of Agriculture". (Emphasis added.)

The precise issue then, before this Court is whether application of Rule 5 (b), authorizing service upon a party's attorney, alters the method prescribed by the Act, for instituting proceedings to review orders of the Secretary.

■ It is evident that Congress in promulgating the method for prosecuting an appeal under the Act, intended that the trial de novo would be in all respects, like any civil suit for damages in the district courts. Trombetta v. Goldstein and Procacci, 198 F.Supp. 288 (E.D.Pa. 1961). For example, the Federal Rules

have been found to be applicable in ascertaining whether an appeal was perfected, with regard to the requirement of Section 499g(c) of the Act, for posting a bond in double the amount of the reparation award. In Login Corp. v. Botner, 74 F.Supp. 133 (N.D.Calif.1947), the term "bond" as found in the Act was construed by the Court in accordance with F.R.Civ.P. 73(c–f), after reiterating the general rule that the only proceedings excepted from the operation of the Federal Rules are those with respect to the manner of commencement of proceedings. Under similar facts, in Hamilton Bros., Inc. v. Hazzouri, 104 F.Supp. 659 (M.D.Pa.1952) it was decided that a determination of the adequacy of a surety bond, a requisite for perfection of an appeal under the Act, would be governed by the Federal Rules. The court reasoned that once an appeal has been commenced, the proceedings are governed by the Federal Rules.

But there is some authority which does not extend the scope of the Federal Rules to such an extent. In W. H. Lailer & Co. v. C. E. Jackson Co., 75 F.Supp. 827 (Mass.1948), in a motion to dismiss an appeal from a reparation order, the petitioner contended that proof of notice was not filed within the 30 day period prescribed by the Act. The motion was denied, but the Federal Rules were said to "not strictly govern", although the policy of liberal application of the Federal Rules was applied by the Court to permit the respondent to correct the defect.

Finally this review of prior authority brings us to Alexander Marketing Co. v. Harrisburg Daily Market, 9 F.R.D. 248 (M.D.Pa.1949), which represents the greatest departure from the established practice heretofore demonstrated by the great majority of jurisdictions in applying the Federal Rules to construe provisions of the Act. In *Alexander*, a motion to dismiss an appeal from a reparation order was denied, although the petitioner

contended that personal service of process upon the adverse party by a U. S. marshal, as prescribed by F.R.Civ.P. 4(c) was required to perfect an appeal under the provision of the Act (which also is at issue here), requiring "proof of service upon the adverse party". In denying the motion, the Court reasoned that the apparent Congressional intent in drafting the Act was to relieve the parties from the more stringent technical requirements of notice found in the Federal Rules. Although this decision is ostensibly contrary to the weight of authority, it is distinguishable. The provision of the Federal Rules proscribed in *Alexander* requiring service by a marshal would have created a greater burden upon the litigants, and would have indeed restricted the scope of the Act, since service would then be subject to geographic limitations, clearly contrary to the intent of Congress in promulgating the Act. But where the Federal Rules permit a *more liberal* implementation of the Act as in the instant case, by authorizing the service of notice of the pendency of an appeal upon the adverse party's counsel, there is no such repugnancy. The fact that Congress intended that the less technical procedural characteristics of the quasi-judicial administrative process to carry over into the initial steps of prosecuting an appeal is apparent. Since the parties on appeal would necessarily be the same as in the prior administrative proceeding, this court cannot discern why notice tendered to the attorney of record would not be effective to convey notice of the pendency of the appeal upon his client, since the attorney-client relationship would already have been established. See Mid-Continent Casualty Co. v. Everett, 340 F.2d 65 (10th Cir. 1965); City of Philadelphia v. Morton Salt Co., 248 F.Supp. 506 (E.D.Pa.1965).

The motion to dismiss is therefore denied. It is so ordered.